1  GEORGE MILIONIS, ESQ. (SBN 213092)
   NEHA SAREEN, ESQ. (SBN 286037)
2  KENNETH TSANG, ESQ. (SBN 219284)
   PETERSEN-DEAN, INC.
3  39300 CIVIC CENTER DRIVE, SUITE 300
   FREMONT, CA 94538
4  TELEPHONE: (510) 371-6574
   FACSIMILE: (510) 494-2760
5
   Attorneys for Defendant and Counterclaimant
6  PETERSEN-DEAN, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 ZURICH AMERICAN INSURANCE            Case No.: 4:17-cv-01273-DMR
   COMPANY, ZURICH AMERICAN
12 INSURANCE COMPANY OF ILLINOIS,
   and AMERICAN ZURICH INSURANCE
13 COMPANY,                            AMENDED ANSWER TO THE
                                       COMPLAINT AND COUNTERCLAIM BY
14     Plaintiffs,                     PETERSEN-DEAN, INC.

15 vs.

16 PETERSEN-DEAN, INC.,

17     Defendant.

18 PETERSEN-DEAN, INC.

19
       Counterclaimant,
20 vs.

21 ZURICH AMERICAN INSURANCE
   COMPANY, ZURICH AMERICAN
22 INSURANCE COMPANY OF ILLINOIS,
   AMERICAN ZURICH INSURANCE
23 COMPANY, and ZURICH SERVICES
   CORPORATION,
24
       Counter-Defendants.
25

26

27

28
   AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
   CV-01273-DMR

1    Defendant and counterclaimant Petersen-Dean, Inc. ("Petersen-Dean") answers

2    the complaint of Zurich American Insurance Company, Zurich American Insurance Company of

3    Illinois and American Zurich Insurance Company (together, the "Plaintiffs") and counterclaims

4    as follows:

5    **Admissions and Denials**

6    1.    Answering the allegations of paragraph 1 of the complaint, Petersen-Dean admits

7    that Zurich American Insurance Company is a New York corporation engaged in the insurance

8    business, but as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient

9    information or belief to respond, so it denies those allegations on the basis of its lack of

10   information and belief.

11   2.    Answering the allegations of paragraph 2 of the complaint, Petersen-Dean admits

12   that Zurich American Insurance Company of Illinois is an Illinois corporation engaged in the

13   insurance business, but as to the remaining allegations of that paragraph, Petersen-Dean lacks

14   sufficient information or belief to respond, so it denies those allegations on the basis of its lack of

15   information and belief.

16   3.    Answering the allegations of paragraph 3 of the complaint, Petersen-Dean admits

17   that American Zurich Insurance Company is an Illinois corporation engaged in the insurance

18   business, but as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient

19   information or belief to respond, so it denies those allegations on the basis of its lack of

20   information and belief.

21   4.    Answering the allegations of paragraph 4 of the complaint, Petersen-Dean admits

22   those allegations.

23   5.    Answering the allegations of paragraph 5 of the complaint, Petersen-Dean admits

24   those allegations.

25   6.    Answering the allegations of paragraph 6 of the complaint, Petersen-Dean admits

26   those allegations.

27   ///

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

1          7.      Answering the allegations of paragraph 7 of the complaint, Petersen-Dean admits those

2    allegations.

3          8.      Answering the allegations of paragraph 8 of the complaint, Petersen-Dean admits

4    those allegations.

5          9.      Answering the allegations of paragraph 9 of the complaint, Petersen-Dean admits

6    that Zurich and Petersen-Dean were involved in prior litigation and that it resolved with a mutual

7    settlement agreement in late 2016.  Petersen-Dean denies that it was required to pay additional

8    amounts invoiced to Petersen-Dean.  Petersen-Dean lacks sufficient information or belief to

9    respond, so it denies those allegations on the basis of its lack of information and belief.

10         10.     Answering the allegations of paragraph 10 of the complaint, Petersen-Dean denies

11    that it has breached any of its obligations contained in the settlement agreement. As to the

12    remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to

13    respond, so it denies those allegations on the basis of its lack of information and belief.

14         11.     Answering the allegations of paragraph 11 of the complaint, Petersen-Dean

15    admits those allegations.

16         12.     Answering the allegations of paragraph 12 of the complaint, Petersen-Dean

17    admits that Zurich issued various insurance policies to it, but as to the remaining allegations of

18    that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those

19    allegations on the basis of its lack of information and belief.

20         13.     Answering the allegations of paragraph 13 of the complaint, Petersen-Dean

21    admits that Zurich issued various insurance policies to it, but as to the remaining allegations of

22    that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those

23    allegations on the basis of its lack of information and belief.

24         14.     Answering the allegations of paragraph 14 of the complaint, Petersen-Dean lacks

25    sufficient information or belief to respond, so it denies those allegations on the basis of its lack of

26    information and belief.

27    ///

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

15.     Answering the allegations of paragraph 15 of the complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

16.     Answering the allegations of paragraph 16 of the complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

17.     Answering the allegations of paragraph 17 of the complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

18.     Answering the allegations of paragraph 18 of the complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

19.     Answering the allegations of paragraph 19 of the complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

20.     Answering the allegations of paragraph 20 of the complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

21.     Answering the allegations of paragraph 21 of the complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

22.     Answering the allegations of paragraph 22 of the complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

23.     Answering the allegations of paragraph 23 of the complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

1      24.     Answering the allegations of paragraph 24 of the complaint, Petersen-Dean denies

2   that it has acted without valid excuse or justification, and, as to the remaining allegations of that

3   paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those

4   allegations on the basis of its lack of information and belief.

5      25.     Answering the allegations of paragraph 25 of the complaint, Petersen-Dean

6   admits those allegations.

7      26.     Answering the allegations of paragraph 26 of the complaint, Petersen-Dean lacks

8   sufficient information or belief to respond, so it denies those allegations on the basis of its lack of

9   information and belief.

10      27.     Answering the allegations of paragraph 27 of the complaint, Petersen-Dean

11   admits that the language quoted is a partial section of paragraph 10 of the PSA. Petersen-Dean

12   lacks sufficient information otherwise, so it denies those allegations on the basis of its lack of

13   information and belief.

14      28.     Answering the allegations of paragraph 28 of the complaint, Petersen-Dean denies

15   that is has acted without excuse or justification, and, as to the remaining allegations of that

16   paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those

17   allegations on the basis of its lack of information and belief.

18      29.     Answering the allegations of paragraph 29 of the complaint, Petersen-Dean

19   admits that it made the final payment following the hearing with Judge Ryu.  Petersen-Dean

20   lacks sufficient information or belief to respond, so it denies those allegations on the basis of its

21   lack of information and belief.

22      30.     Answering the allegations of paragraph 30 of the complaint, Petersen-Dean lacks

23   sufficient information or belief to respond, so it denies those allegations on the basis of its lack of

24   information and belief.

25      31.     Answering the allegations of paragraph 31 of the complaint, Petersen-Dean denies

26   that is has acted without excuse or justification, and, as to the remaining allegations of that

27

28

1   paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those

2   allegations on the basis of its lack of information and belief.

3       32.     Answering the allegations of paragraph 32 of the complaint, Petersen-Dean lacks

4   sufficient information or belief to respond, so it denies those allegations on the basis of its lack of

5   information and belief.

6       33.     Answering the allegations of paragraph 33 of the complaint, Petersen-Dean

7   admits that the parties conducted a settlement conference in November 2016 with the Honorable

8   Magistrate Judge Corley.

9       34.     Answering the allegations of paragraph 34 of the complaint, Petersen-Dean

10  admits that the total amount to be paid to Zurich under the settlement agreement would be

11  $1,800,000 assuming no breaches of any of the parties' obligations occurred.

12      35.     Answering the allegations of paragraph 35 of the complaint, Petersen-Dean

13  admits that paragraph 6(c) states the quoted language. Petersen-Dean lacks sufficient information

14  or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack

15  of information and belief.

16      36.     Answering the allegations of paragraph 36 of the complaint, Petersen-Dean

17  admits that paragraph 6(a) states the quoted language. Petersen-Dean lacks sufficient information

18  or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack

19  of information and belief.

20      37.     Answering the allegations of paragraph 37 of the complaint, Petersen-Dean lacks

21  sufficient information or belief to respond otherwise so denies the remainder of the allegations

22  on the basis of its lack of information and belief.

23      38.     Answering the allegations of paragraph 38 of the complaint, Petersen-Dean lacks

24  sufficient information or belief to respond otherwise so denies the remainder of the allegations

25  on the basis of its lack of information and belief.

26  ///

27

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

1    39.    Answering the allegations of paragraph 39 of the complaint, Petersen-Dean lacks
2  sufficient information or belief to respond otherwise so denies the remainder of the allegations
3  on the basis of its lack of information and belief.

4    40.    Answering the allegations of paragraph 40 of the complaint, Petersen-Dean lacks
5  sufficient information or belief to respond otherwise so denies the remainder of the allegations
6  on the basis of its lack of information and belief.

7    41.    Answering the allegations of paragraph 41 of the complaint, Petersen-Dean denies
8  that is has not raised objections to the invoices.  Petersen-Dean lacks sufficient information or
9  belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of
10  information and belief.

11    42.    Answering the allegations of paragraph 42 of the complaint, Petersen-Dean lacks
12  sufficient information or belief to respond otherwise so denies the remainder of the allegations
13  on the basis of its lack of information and belief.

14    43.    Answering the allegations of paragraph 43 of the complaint, Petersen-Dean lacks
15  sufficient information or belief to respond otherwise so denies the remainder of the allegations
16  on the basis of its lack of information and belief.

17    44.    Answering the allegations of paragraph 44 of the complaint, Petersen-Dean lacks
18  sufficient information or belief to respond otherwise so denies the remainder of the allegations
19  on the basis of its lack of information and belief.

20    45.    Answering the allegations of paragraph 45 of the complaint, Petersen-Dean lacks
21  sufficient information or belief to respond otherwise so denies the remainder of the allegations
22  on the basis of its lack of information and belief.

23    46.    Answering the allegations of paragraph 46 of the complaint, Petersen-Dean lacks
24  sufficient information or belief to respond otherwise so denies the remainder of the allegations
25  on the basis of its lack of information and belief.

26  ///
27
28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

1    47.    Answering the allegations of paragraph 47 of the complaint, Petersen-Dean lacks

2  sufficient information or belief to respond otherwise so denies the remainder of the allegations

3  on the basis of its lack of information and belief.

4  48.    Answering the allegations of paragraph 48 of the complaint, Petersen-Dean lacks

5  sufficient information or belief to respond otherwise so denies the remainder of the allegations

6  on the basis of its lack of information and belief.

7    49.    Answering the allegations of paragraph 49 of the complaint, Petersen-Dean lacks

8  sufficient information or belief to respond otherwise so denies the remainder of the allegations

9  on the basis of its lack of information and belief.

10    50.    Answering the allegations of paragraph 50 of the complaint, Petersen-Dean denies

11  it was required to pay invoices directly as Zurich represented during the settlement conference

12  that it would draw down on collateral instead.  Petersen Dean lacks sufficient information or

13  belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of

14  information and belief.

15    51.    Answering the allegations of paragraph 51 of the complaint, Petersen-Dean denies

16  that is has acted without excuse or justification, and, as to the remaining allegations of that

17  paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those

18  allegations on the basis of its lack of information and belief.

19    52.    Answering the allegations of paragraph 52 of the complaint, Petersen-Dean lacks

20  sufficient information or belief to respond otherwise so denies the remainder of the allegations

21  on the basis of its lack of information and belief.

22    53.    Answering the allegations of paragraph 53 of the complaint, Petersen-Dean lacks

23  sufficient information or belief to respond otherwise so denies the remainder of the allegations

24  on the basis of its lack of information and belief.

25    54.    Answering the allegations of paragraph 54 of the complaint, Petersen-Dean lacks

26  sufficient information or belief to respond otherwise so denies the remainder of the allegations

27  on the basis of its lack of information and belief.

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

55.     Answering the allegations of paragraph 55 of the complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

56.     Answering the allegations of paragraph 56 of the complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

57.     Answering the allegations of paragraph 57 of the complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

58.     Answering the allegations of paragraph 58 of the complaint, Petersen-Dean denies that is has acted without excuse or justification, and, as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

59.     Answering the allegations of paragraph 59 of the complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

60.     Answering the allegations of paragraph 60 of the complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

61.     Answering the allegations of paragraph 61 of the complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

62.     Answering the allegations of paragraph 62 of the complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

63.     Answering the allegations of paragraph 63 of the complaint, Petersen-Dean denies that it agreed the amount stated was owed to Zurich.  Petersen-Dean lacks sufficient information

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

1  or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack

2  of information and belief.

3      64.     Answering the allegations of paragraph 64 of the complaint, Petersen-Dean denies

4  that it agreed the amount stated was owed to Zurich.  Petersen-Dean lacks sufficient information

5  or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack

6  of information and belief.

7      65.     Answering the allegations of paragraph 65 of the complaint, Petersen-Dean

8  admits that it has not paid the amounts claimed to be due since the funds are available in the

9  Collateral Account to be drawn down as agreed upon by Zurich.  Petersen-Dean lacks sufficient

10 information or belief to respond otherwise so denies the remainder of the allegations on the basis

11 of its lack of information and belief.

12     66.     Answering the allegations of paragraph 66 of the complaint, Petersen-Dean

13 admits that it has not paid the amounts claimed to be due since the funds are available in the

14 Collateral Account to be drawn down as agreed upon by Zurich.  Petersen-Dean lacks sufficient

15 information or belief to respond otherwise so denies the remainder of the allegations on the basis

16 of its lack of information and belief.

17     67.     Answering the allegations of paragraph 67 of the complaint, Petersen-Dean lacks

18 sufficient information or belief to respond otherwise so denies the remainder of the allegations

19 on the basis of its lack of information and belief.

20     68.     Answering the allegations of paragraph 68 of the complaint, Petersen-Dean

21 admits the parties entered into a settlement agreement.

22     69.     Answering the allegations of paragraph 69 of the complaint, Petersen-Dean lacks

23 sufficient information or belief to respond otherwise so denies the remainder of the allegations

24 on the basis of its lack of information and belief.

25     70.     Answering the allegations of paragraph 70 of the complaint, Petersen-Dean lacks

26 sufficient information or belief to respond otherwise so denies the remainder of the allegations

27 on the basis of its lack of information and belief.

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

71.     Answering the allegations of paragraph 71 of the complaint, Petersen-Dean admits that Zurich agreed to and should use the Collateral Account to pay the subject invoices.

72.     Answering the allegations of paragraph 72 of the complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

73.     Answering the allegations of paragraph 73 of the complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

## First Affirmative Defense

74.     The counts of the complaint, and each count therein, fail to state facts sufficient to constitute any of the causes of action asserted against Petersen-Dean.

## Second Affirmative Defense

75.     Petersen-Dean is informed and believes, and based on such information and belief alleges, that plaintiffs expressly ratified, and consented to, any and all acts, if any, taken by Petersen-Dean with respect to the subject matter of the complaint.

## Third Affirmative Defense

76.     Petersen-Dean is informed and believes, and based on such information and belief alleges, that, to the extent that plaintiffs were damaged, if at all, their alleged damages were the result of their own actions, omissions, or activities, and that, therefore, any judgment against Petersen-Dean should be reduced in proportion to plaintiffs' degrees of fault.

## Fourth Affirmative Defense

77.     Petersen-Dean is informed and believes, and based on such information and belief alleges, that it was relieved of any duty or obligation that it might otherwise have had to plaintiffs, and each of them, by reason of plaintiffs' negligent performance of their obligations.

///

///

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

1

### Fifth Affirmative Defense

2   78.    Petersen-Dean is informed and believes, and based on such information and belief

3   alleges, that plaintiffs, by their conduct, acts, or omissions, waived any requirement that, or

4   obligation of, Petersen-Dean to perform.

5   79.    Petersen-Dean is informed and believes, and based on such information and belief

6   alleges, that the counts of the second amended complaint, and each count therein, are barred

7   under the doctrines of equitable estoppel and promissory estoppel by reason of plaintiffs' acts,

8   omissions, representations, or course of conduct upon which Petersen-Dean was led to rely, to its

9   detriment.

10

### Sixth Affirmative Defense

11   80.    Petersen-Dean is informed and believes, and based on such information and belief

12   alleges, that plaintiffs, by their own conduct, acts, or omissions, are estopped from seeking any

13   of the relief sought in the complaint.

14

### Seventh Affirmative Defense

15   81.    Petersen-Dean is informed and believes, and based on such information and belief

16   alleges, that its conduct was completely justified and lawful.

17

### Eighth Affirmative Defense

18   82.    Petersen-Dean is informed and believes, and based on such information and belief

19   alleges, that each and every act, omission, or other conduct alleged, in the complaint, to have

20   been made by Petersen-Dean, was a good faith assertion of, and was made in the belief of the

21   existence of, Petersen-Dean's legal rights and obligations.

22

### Ninth Affirmative Defense

23   83.    Petersen-Dean denies that plaintiffs, or any of them, have suffered any damages.

24

### Tenth Affirmative Defense

25   84.    The damages, if any, alleged in the second amended complaint, and in each count

26   thereof, are speculative and unfounded.

27   ///

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

1

**Eleventh Affirmative Defense**

2        85.      Petersen-Dean is entitled to an offset of the amount of damages, if any, awarded

3   to plaintiffs, by reason of the damages that Petersen-Dean suffered as a result of the actions and

4   conduct of plaintiffs.

5

**Twelfth Affirmative Defense**

6        86.      Petersen-Dean is informed and believes, and based on such information and belief

7   alleges, that the complaint, and each count therein, is barred by the relevant statutes of

8   limitations codified in California Code of Civil Procedure sections 335 through 365, inclusive of

9   all subsections.

10

**Thirteenth Affirmative Defense**

11       87.      Petersen-Dean is informed and believes, and based on such information and belief

12  alleges, that the complaint, and each count therein, is barred by the doctrine of laches.

13

**Fourteenth Affirmative Defense**

14       88.      Petersen-Dean is informed and believes, and based on such information and belief

15  alleges, that plaintiffs are guilty of unclean hands regarding the incidents alleged in the

16  complaint, and that, therefore, plaintiffs are barred from any of the relief sought therein.

17

**Fifteenth Affirmative Defense**

18       89.      Petersen-Dean is informed and believes, and based on such information and belief

19  alleges, that plaintiffs failed to provide Petersen-Dean with reasonable notice, and that they

20  ignored Petersen-Dean's request for specific information.

21

**Sixteenth Affirmative Defense**

22       90.      Any performance allegedly owed, by Petersen-Dean, to plaintiffs, has been

23  excused, by and through plaintiffs' failure and refusal to perform their obligations and duties

24  under the "contracts" upon which the second amended complaint is purportedly based.

25  Eighteenth Affirmative Defense.

26  ///

27  ///

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

### Seventeenth Affirmative Defense

91.   Petersen-Dean is informed and believes, and based on such information and belief alleges, that its breaches, if any, of the purported "contracts" were not sufficiently material to support any recovery by plaintiffs, or any of them.

### Eighteenth Affirmative Defense

92.   Petersen-Dean is informed and believes, and based on such information and belief alleges, that it has fully performed each and every condition, covenant, and term required of it, if any, under the purported agreements with plaintiffs.

### Nineteenth Affirmative Defense

93.   Petersen-Dean is informed and believes, and based on such information and belief alleges, that it has a valid claim for money that is due, owing, and payable to Petersen-Dean by plaintiffs, and each of them.

### Twentieth Affirmative Defense

94.   Petersen-Dean is informed and believes, and based on such information and belief alleges, that plaintiffs, and each of them, seek money from Petersen-Dean based on fraudulent conduct. Plaintiffs induced Petersen-Dean into entering into the insurance policies with plaintiffs based on fraudulent claims that plaintiffs would save Petersen-Dean money by reviewing the medical bills of Petersen-Dean's employees, and that plaintiffs would perform significant work to reduce those bills. At the time they made those claims, plaintiffs knew, of should have known, that their statements that they were "saving" Petersen-Dean money were intentionally and maliciously fraudulent. Plaintiffs charged Petersen-Dean a fee for doing nothing more than informing medical providers that the payment owed, and being sent to them, was the only amount permitted by statute. In other cases, plaintiffs informed medical providers that the payment owed, and being sent to them, was the amount they had agreed to accept as part of the managed care network. Plaintiffs made their fraudulent statements with the intent to induce Petersen-Dean to enter into the insurance contracts with plaintiffs. As a result, plaintiffs are not entitled to recover any monies obtained by their fraudulent conduct.

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

1

### Twenty-First Affirmative Defense

2   95.   Petersen-Dean is informed and believes, and based on such information and belief

3   alleges, that plaintiffs, and each of them, acquiesced in every alleged act by Petersen-Dean.

4   Twenty-Third Affirmative Defense

5

### Twenty-Second Affirmative Defense

6   96.   Petersen-Dean is informed and believes, and based on such information and belief

7   alleges, that some or all of the agreements alleged by plaintiffs in the second amended complaint

8   constitute insurance policies, endorsements, or forms that are not enforceable unless filed with,

9   and then approved by, the Workers' Compensation Insurance Rating Bureau and the California

10   Department of Insurance (see Cal. Ins. Code §§ 11658, 11750.3, 11753; Cal. Code Regs. tit. 10,

11   §§ 2218, 2268), but which were, in fact, neither filed with, nor approved by, either the Workers'

12   Compensation Insurance Rating Bureau and the California, and, thus, are unenforceable.

13

### Twenty-Third Affirmative Defense

14   97.   Insofar as the second amended complaint arises out of Petersen-Dean's alleged

15   defaults under certain so-called Program Agreements, it is based on an illegal act. Specifically,

16   plaintiffs knew, because of a prior settlement agreement they reached with the California

17   Department of Insurance, that their so-called Program Agreements were illegal and

18   unenforceable, for the reasons set forth in the Twenty-Third Affirmative Defense. Despite that

19   knowledge, plaintiffs now seek to recover alleged damages for breaches of those illegal and

20   unenforceable agreements.

21

### Twenty-Fourth Affirmative Defense

22   98.   Petersen-Dean expressly reserves the right to supplement and assert any

23   additional affirmative defenses not stated herein, if any later discovered facts or information

24   make it appropriate to do so.

25

### Counterclaim

26   Defendant and Counterclaimant Petersen-Dean by and through its undersigned counsel,

27   alleges the following against Plaintiffs Zurich American Insurance Company, Zurich American

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

1 Insurance Company of Illinois and American Zurich Insurance Company individually and

2 collectively, and jointly and severally as follows:

### NATURE OF ACTION

4     1.    This is a claim for breach of insurance agreement, bad faith, failure to investigate

5 a claim, breach of duty to inform insured of rights, declaratory relief and breach of contract with

6 a prayer for damages and additional relief against Counter-Defendants.

### PARTIES

8     2.    Defendant and Counterclaimant Petersen-Dean is and was at all relevant times a

9 corporation organized and existing under the laws of the State of California and is and was at all

10 times mentioned herein qualified to do business in California.  Petersen-Dean is headquartered in

11 this district in Fremont, California.

12     3.    Zurich American Insurance Company, Zurich American Insurance Company of

13 Illinois and American Zurich Insurance Company and Zurich Services Corporation (together, the

14 "Counter-Defendants") transact the business of insurance in this district.

15     4.    At all times herein mentioned, Petersen-Dean is informed and believes that

16 Counter-Defendants are, and at all times mentioned herein, were aiding and abetting each other;

17 were the agents, servants, employees and/or representatives of each other, and were acting wihin

18 the course and scope of such capacity.

### JURISDICTION AND VENUE

20     5.    This Court has subject matter jurisdiction over Counterclaimant's claims because

21 it has jurisdiction over Plaintiffs' Complaint.  Subject matter over any related state law claims is

22 appropriate under 28 U.S.C. § 1367 and the doctrines of ancillary and pendent jurisdiction.

23     6.    This Court has personal jurisdiction over Plaintiffs because they submitted to the

24 Court's personal jurisdiction when they filed this case.  This Court has personal jurisdiction over

25 Counter-Defendants because they have transacted business in this district.

26 ///

27 ///

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here and the Plaintiffs transact business in this district.

8.      This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332 because it is a controversy between citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

<u>FACTUAL BACKGROUND</u>

9.      Counter-Defendant Zurich American Insurance Company and Counter-Defendant American Zurich Insurance Company are Illinois corporations that sell hundreds of millions of dollars in insurance policies in California every year. Zurich American Insurance Company of Illinois is another Illinois corporation that sells insurance.  Counter-Defendant Zurich Services Corporation ("ZSC") is an Illinois company that transacts business in this district.  It administered Petersen-Dean's workers compensation claims.

10.     Petersen-Dean bought insurance policies, including workers' compensation insurance policies, from Counter-Defendants for seven policy years: May 1, 2003 through May 1, 2008, and April 30, 2011 through April 30, 2013. The workers' compensation insurance policies are "large deductible" policies (the "Policies").  Petersen-Dean paid Counter-Defendants millions of dollars in premiums, which were accepted by Counter-Defendants as a consideration for the execution, issuance, and delivery of the Policies.

11.     Petersen-Dean bought insurance policies, including workers' compensation insurance policies, from Counter-Defendants for seven policy years: May 1, 2003 through May 1, 2008, and April 30, 2011 through April 30, 2013. The workers' compensation insurance policies are "large deductible" policies (the "Policies").  Petersen-Dean paid Counter-Defendants millions of dollars in premiums, which were accepted by Counter-Defendants as a consideration for the execution, issuance, and delivery of the Policies.

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

1    12.    Petersen-Dean has incurred covered losses that arose under the Policies during the

2   policy period.  Furthermore, Petersen-Dean has incurred covered losses that arose during the

3   policy period but that became apparent after that period.

4    13.    The Counter-Defendants are obligated to pay such losses.  Counter-Defendants

5   have paid some of such losses, but have wrongfully refused to pay all of such losses as is

6   required by the Policies. Throughout the Policies' periods (and after those periods, for claims that

7   arose during those periods) Petersen-Dean furnished Counter-Defendants written notice of

8   Petersen-Dean's claims and proof of loss and Petersen-Dean has otherwise performed all the

9   terms and conditions of the Policies on its part to be performed, or Counter-Defendants have

10  consented to Petersen-Dean's claim handling and performance of its obligations by accepting

11  millions of dollars in premiums and by giving Petersen-Dean assurances that they approve

12  Petersen-Dean's acts.

13   14.    There is, under the terms of the Policies, now due and owing to Petersen-Dean

14  from Plaintiffs a sum in excess of $5,000,000.  Petersen-Dean has demanded payment of this

15  sum from Counter-Defendants, but they have failed and refused, and continue to fail and refuse,

16  to pay that sum or any part of it.

17   15.    For every policy year except for policy year 2007, Petersen-Dean had to pay the

18  first $500,000 on every workers' compensation claim made against it. For the policy year 2007,

19  the deductible was $250,000.

20   16.    As a result Petersen-Dean was obligated to pay the first $250,000 to $500,000 of

21  claims.  How Plaintiffs, or, subsequently, ZSC, administered Petersen-Dean's workers

22  compensation claims determined how much Petersen-Dean would pay out on every workers'

23  compensation claim.  There were hundreds of such claims.

24   17.    All of the Policies are "loss sensitive," meaning that Petersen-Dean might have to

25  continue to make payments to Counter-Defendants after the Policies expired, depending on how

26  losses developed over time. Under these loss sensitive policies, Counter-Defendants issued

27

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

1  periodic "adjustments" to Petersen-Dean's required payment amounts. The amount of the

2  adjustments is based on the incurred reserves (money paid and estimates for future payments).

3      18.    The deductible clauses in the Policies specify: "(1) the amount of [the insured's]

4  initial payment to [Zurich] with respect to the Deductible Premium and the expected Incurred

5  Losses with the Deductible Amount(s), as determined by [Zurich], plus related expenses and

6  assessments; and (2) the timing and method of [Zurich's] adjustment of the Incurred Losses, plus

7  related expenses and assessments."

8      19.    The deductible agreements also require Petersen-Dean to provide Counter-

9  Defendants with collateral ostensibly to protect Zurich from losses for money that it may pay out

10 on behalf of Petersen-Dean in the future— and they establish a Loss Reimbursement Fund, into

11 which Petersen-Dean had to place cash to pay claims. The amount of the Loss Reimbursement

12 Fund is "calculated adjusted based on [the insured's] loss experience at specified loss valuation

13 dates."

14     20.    For all but policy year 2011, Zurich was responsible for adjusting the

15 workers' compensation claims made against Petersen-Dean. But, Plaintiffs contracted with its

16 sister company, Counter-Defendant ZSC, to handle that task.  In the course of adjusting Petersen-

17 Dean's workers' compensation claims, Plaintiffs and ZSC, in addition to the premiums they

18 charged to Petersen-Dean, also charged Petersen-Dean for "cost containment" services. One of

19 the major features of the cost containment services was the performance of "medical bill review"

20 ("MBR"). MBR was a service that was supposed to result in a "savings" to Petersen-Dean, by

21 purportedly reducing the cost that Petersen-Dean paid for medical services provided to injured

22 workers. But, virtually all that Zurich and ZSC did was simply reduce, via a computer program,

23 the "billed" amount to the amount in a fee schedule. In California, there are approximately 500

24 fee schedules for various types of medical services. The fee schedule is typically "the most" that

25 a provider could charge for that particular service. Thus, simply reducing a medical fee to "the

26 most" a provider could charge was hardly a "savings." But Zurich charged, at one time, 20% of

27 the "savings," and, later, 25% of the "savings," with the savings being the difference between

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

what a medical provider charged, and what Zurich paid. Thus, the more medical providers billed, the more ZSC/Zurich made in MBR fees.  This practice was a breach of the Policies because they do not authorize such an adjustment.  Counter-Defendants with this practice charged Petersen-Dean additional money for simply doing their job, which was to manage claims.

21.     Plaintiffs directly participated in, and approved of and consented to, the acts that they now complain of.

22.     Counter-Defendants wrongfully declared Petersen-Dean to be in default on the Policies and in 2016 overpaid themselves about $700,000 by drawing down $3.2 million of Petersen-Dean's letters of credit.

23.     Petersen-Dean and ZSC entered into the Claim Services Contract.  ZSC breached the CSC by mishandling workers' compensation claims and by charging Petersen-Dean for alleged "savings" from MBR.  Plaintiffs breached the Policies by mishandling workers' compensation claims against Petersen-Dean and by charging Petersen-Dean excessive fees for the MBR service.  Plaintiffs also engaged in bad faith with their systematic policy of improperly setting the reserves on the workers' compensation claims made against Petersen-Dean and by attempting to extract excessive amounts of collateral from Petersen-Dean.

**Counter-Defendants Have Mishandled Claims**

24.     Counter-Defendants have engaged in serious and ongoing incorrect claims mishandling. Counter-Defendants exploited and abused their discretion over claims handling and the setting of reserves so as to increase the amount of cash in the Loss Funds beyond what was conceivably necessary for the payment of claims, for the purpose of giving Zurich cash on hand that it could use for investment purposes. Counter-Defendants failed to follow industry practices, or their own best practices, on Petersen-Dean's claims. Instead, they breached their duties.  Their claims professionals were often wrong in terms of what they estimated many workers' compensation claims were going to cost.

25.     Counter-Defendants breached their obligations by not performing critical investigations, not obtaining statements, not issuing subpoenas, missing at least one court

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

1   hearing, not informing a doctor of an investigation, not keeping key documents in the files, not

2   taking depositions in a timely manner, or ignoring one or more settlement opportunities.

3          26.     Counter-Defendants approved of Petersen-Dean's handling of claims because they

4   wanted the millions of dollars in premiums.  As a result, Counter-Defendants renewed the

5   Policies and collected substantial funds in the process.  Counter-Defendants were well aware of

6   what they were doing because, by their own assertion, they were "the largest workers

7   compensation construction insurer in North American with over 50,000 customers."

8          27.     As a legal result of Counter-Defendants' breaches, failures and refusals outlined

9   herein Petersen-Dean has been damaged in a sum well in excess of $5,000,000, together with

10  interest thereon at the legal rate from the date payment should have been made under the terms

11  of the Policies until it is paid.

### FIRST CLAIM FOR RELIEF
#### (BREACH OF INSURANCE AGREEMENT)
#### AGAINST PLAINTIFFS

12
13

14         28.     Counterclaimant incorporates by reference each and every allegation set forth

15  above and below.

16         29.     Plaintiffs breached their duty to pay Petersen-Dean for a loss covered under the

17  insurance Policies.

18         30.     Petersen-Dean suffered losses that were covered by the Policies.

19         31.     Plaintiffs were notified of the losses.

20         32.     However, despite being obligated to pay over $5,000,000 to cover those losses,

21  Counter-Defendants have failed to pay and refuse to pay.

### SECOND CLAIM FOR RELIEF
#### (BAD FAITH
#### AGAINST PLAINTIFFS)

22
23

24         33. Counterclaimant incorporates by reference each and every allegation set forth above

25              and below.

26

27

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

1    34.    In the Policies there is an implied obligation of good faith and fair dealing that the

2    Plaintiffs will not do anything to injure the right of the other party to receive the benefits of the

3    agreement.

4    35.    To fulfill its implied obligation of good faith and fair dealing, the Plaintiffs must

5    give at least as much consideration to the interests of Petersen-Dean as they give to their own

6    interests.

7    36.    Plaintiffs breached the implied obligation of good faith and fair dealing by acting

8    unreasonably, or by failing to act, in a manner that deprived Petersen-Dean of the benefits of the

9    policy.  Plaintiffs have acted unreasonably by acting, or failing to act, without proper cause.

10    37.    Plaintiffs breached the obligation of good faith and fair dealing by failing to pay,

11    or delaying payment, of benefits due under the Policies.

12    38.    Petersen-Dean suffered losses covered by the Policies which are substantial and

13    which continue to grow.

14    39.    Counter-Defendants were notified of the loss not only in emails and other

15    correspondence, but also in the documentation Petersen-Dean filed or sent in the action entitled

16    Zurich American Insurance Company et al. v. Petersen-Dean, Inc. California Northern District

17    Court Case No. 3:17-CV-01273.

18    40.    Counter-Defendants unreasonably failed to pay or delayed payment of Policy

19    benefits for the reasons outlined above.

20    41.    Petersen-Dean was harmed as a result in an amount that is in excess of

21    $5,000,000.

22    42.    Counter-Defendants' failure to pay Policy benefits was a substantial factor in

23    causing Petersen-Dean's harm.

24    43.    Counter-Defendants acted unreasonably and without proper cause, because they

25    misrepresented to Petersen-Dean relevant facts or insurance policy provisions relating to

26    coverage at issue.  Counter Defendants further failed to acknowledge and act reasonably

27    promptly after receiving communications about claims arising under the Policies.

28

44.     Counter-Defendants further failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under its Policies.

45.     Failed to timely process claims within a reasonable time after Petersen-Dean completed and submitted proof-of-loss requirements.  Counter-Defendants did not attempt in good faith to reach a prompt, fair, and equitable settlement of Petersen-Dean's claims after liability had become reasonably clear.

46.     Counter-Defendants failed to promptly provide a reasonable explanation of their reasons for denying the claim or offering a compromise settlement, based on the provisions of the Policies in relation to the facts or applicable law.

### THIRD CLAIM FOR RELIEF

### (FAILURE TO INVESTIGATE A CLAIM)

### AGAINST COUNTER-DEFENDANTS

47.     Counterclaimant incorporates by reference each and every allegation set forth above and below.

48.     Counter-Defendants acted unreasonably by failing to conduct a proper investigation of claims that arose under the Policies.  When investigating Petersen-Dean's claims, Counter-Defendants had a duty to diligently search for and consider evidence that supported coverage of the claimed losses.

49.     Petersen-Dean suffered losses covered under the Policies in the manner outlined above and in an amount that is over $5,000,000.

50.     Petersen-Dean properly presented claims to Counter-Defendants to be compensated for the loss.

51.     Counter-Defendants failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of Petersen-Dean's claims.

52.     Petersen-Dean was harmed in an amount that is over $5,000,000.

53.     Counter-Defendant's failure to properly investigate the claims was a substantial factor in causing Petersen-Dean's harm.

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

### FOURTH CLAIM FOR RELIEF

#### (BREACH OF DUTY TO INFORM INSURED OF RIGHTS)

##### AGAINST COUNTER-DEFENDANTS

54.    Counterclaimant  incorporates by reference each and every allegation set forth above and below.

55.    Counter-Defendants breached the obligation of good faith and fair dealing by failing to reasonably inform Petersen-Dean of its rights and obligations under the Policies.

56.    Petersen-Dean suffered losses covered under the Policies

57.    Counter-Defendants denied coverage, refused to pay coverage amounts due, or mishandled claims, resulting in a failure to pay for Petersen-Dean's loss;

58.    Under the Policies Petersen-Dean had the right to have losses covered and to have claims handled in a timely and professional manner in line with industry standards.

59.    Counter-Defendants did not reasonably inform Petersen-Dean of such rights.

60.    As a result Petersen-Dean was harmed; and

61.    Counter-Defendants' failure to reasonably inform Petersen-Dean was a substantial factor in causing its harm.

### FIFTH CLAIM FOR RELIEF

#### (DECLARATORY RELIEF)

##### AGAINST COUNTER-DEFENDANTS

62.    Counterclaimant incorporates by reference each and every allegation set forth above and below.

63.    Petersen-Dean seeks a determination under California Code of Civil Procedure section 1060 that all invoices pending and due under the Policies will be drawn down from the Collateral Fund which is established for this reason and which Counter-Defendants have historically done in the past.

64.    Additional claims and adjustments under the Policies will arise because of the pattern of such claims that have been asserted to this date.

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

65.     Counter-Defendants have refused, and continue to refuse, to draw down the Collateral Fund in that manner.  As a result, an actual controversy exists as to the parties' rights under the Policies.

66.     No adequate remedy other than that prayed for exists by which the rights of the parties may be determined.  The parties have discussed this matter at length and, despite those lengthy discussions, Counter-Defendants persist in being unwilling to uphold Petersen-Dean's rights under the Policies on a continuing basis.

67.     As a direct and legal result of Counter-Defendants' acts, Petersen-Dean has suffered damages in the amount of over $5,000,000.

68.     Wherefore, Petersen-Dean prays judgment against Counter-Defendants for a declaration pursuant to California Code of Civil Procedure Section 1060 that all invoices pending and due under the Policies will be drawn down from the Collateral Fund.

### SIXTH CLAIM FOR RELIEF

#### (BREACH OF CONTRACT)

##### AGAINST ZSC

69.     Counterclaimant incorporates by reference each and every allegation set forth above and below.

70.     Petersen-Dean and ZSC entered into the Claim Services Contract.  ZSC breached the CSC by mishandling workers' compensation claims and by charging Petersen-Dean for alleged "savings" from MBR.

71.     Petersen-Dean did all, or substantially all, of the significant things that the CSC required it to do.  Furthermore, Petersen-Dean was excused from having to anything that it did not do because ZSC consented to Petersen-Dean's acts.

72.     All conditions required by the CSC took place because Petersen-Dean paid the premium and notified ZSC of losses under the Policies.

///

///

73.    ZSC failed to perform its claims-handling duties in the manner described above. Furthermore, ZSC breached the CSC by imposing costs on Petersen-Dean that Petersen-Dean did not agree to.

74.    As a result, Petersen-Dean was harmed.

75.    ZSC's breach of the CSC was a substantial factor in causing Petersen-Dean's harm.

### PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Petersen-Dean prays for judgment on all claims against Counter-Defendants jointly and severally, individually and collectively, as follows:

A.    An award for actual damages caused by Counter-Defendants in an amount to be proven at trial but in an amount in excess of $5,000,000.

B.    An award for exemplary damages in an amount to be awarded at trial but at least an amount sufficient to punish and deter such conduct by Plaintiffs and others in the future.

C.    For an award of its attorneys' fees and costs as otherwise allowed by law;

D.    An award for prejudgment and post-judgment interest on all awarded damages or amounts recovered;

E.    For a declaration pursuant to California Code of Civil Procedure Section 1060 that all invoices pending and due under the Policies will be drawn down from the Collateral Fund:

F.    An award of other relief as the Court deems just and equitable; and

G.    Petersen-Dean further prays for judgment as follows:

      1.    Plaintiffs take nothing on their complaint;

      2.    That the complaint be dismissed with prejudice;

      3.    For an order requiring Plaintiffs to draw down on the Collateral Account for any claims invoices due by Petersen-Dean.

///

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-CV-01273-DMR

1

**Jury Demand**

2     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Petersen-Dean demands that

3   this case be tried by a jury.

4

5   Dated: April 25, 2017                              PETERSEN-DEAN, INC.

6

7                                        By:_____/S/_____
                                            George Milionis, Esq.
8                                           Neha Sarceen, Esq.
                                            Attorneys for Defendant and
9                                           Counter-Claimant PETERSEN-
                                            DEAN, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC. – 4:17-
CV-01273-DMR

## PROOF OF SERVICE

*Zurich, et al. v. Petersen-Dean, Inc. et al.*
*Northern District of California Case No. 4:17-cv-01273-DMR*

I, Ann Hernandez, declare:  I am a citizen of the United States, over the age of eighteen years, and am not a party to the within action.  My business address is 39300 Civic Center Drive, Suite 300, Fremont, California 94538.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as:

**AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM BY PETERSEN-DEAN, INC.**

on said date at my place of business, a true copy thereof, was placed in a sealed envelope in the ordinary course of business, addressed to the parties as follows:

☐   **(BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the U.S. mail at Fremont, California.

☐   **(BY FASCIMILE)** I caused such documents to be delivered by facsimile transmission this date to the offices of the addressee(s), to the fax number noted herein.

☒   **(BY ELECTRONIC SERVICE)** I provided the document listed above electronically to PACER website to be **distributed to the service list maintained by Pacer**.  The file transmission was reported as complete with a successful and confirmed file upload.  The confirmation will be maintained with the original document in our office.

☐   **(BY E-MAIL)** I caused such documents to be delivered by electronic transmission.

☐   **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

See Attached Service List

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 25, 2017 at Fremont, California.

_____
Ann Hernandez