Lindsey E. Kress (SBN 278213)
LOCKE LORD LLP
44 Montgomery Street, Suite 4100
San Francisco, California  94104-4815
Phone: (415) 318-8806
Fax: (415) 676-5816
lkress@lockelord.com

Steven T. Whitmer (*pro hac vice*)
Ashlee M. Knuckey (*pro hac vice*)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois  60606
Phone:  (312) 443-1869
Fax:  (312) 896-6569
swhitmer@lockelord.com
aknuckey@lockelord.com

Counsel for Plaintiffs
ZURICH AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS and AMERICAN ZURICH INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS and AMERICAN ZURICH INSURANCE COMPANY,<br><br>       Plaintiffs,<br><br>   vs.<br><br>PETERSEN-DEAN, INC.,<br><br>       Defendant.<br><hr>PETERSEN-DEAN, INC.,<br><br>       Counter-Claimant,<br><br>   vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, AMERICAN ZURICH INSURANCE COMPANY and ZURICH SERVICES CORPORATION,<br><br>       Counter-Defendants. | CASE NO. 3:17-cv-01273-WHO<br><br>**ZURICH AMERICAN INSURANCE COMPANY'S, ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS', AMERICAN ZURICH INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM** |

Locke Lord LLP<br>44 Montgomery Street, Suite 4100<br>San Francisco, CA  94104

Counter-Defendants Zurich American Insurance Company, Zurich American Insurance Company of Illinois and American Zurich Insurance Company (collectively, "Zurich")[1] hereby answer Counter-Claimant Petersen-Dean, Inc.'s ("Petersen-Dean") Counterclaim ("Counterclaim") as follows:

## NATURE OF ACTION

1.      This is a claim for breach of insurance agreement, bad faith, failure to investigate a claim, breach of duty to inform insured of rights, declaratory relief and breach of contract with a prayer for damages and additional relief against Counter-Defendants.

**ANSWER:**    Zurich states that the allegations in the Counterclaim speak for themselves. Zurich denies that Petersen-Dean is entitled to any of the relief requested in its Counterclaim, and therefore denies the allegations contained in Paragraph 1.

## PARTIES[2]

2.      Defendant and Counterclaimant Petersen-Dean is and was at all relevant times a corporation organized and existing under the laws of the State of California and is and was at all times mentioned herein qualified to do business in California.  Petersen-Dean is headquartered in this district in Fremont, California.

**ANSWER:**    Upon information and belief, Zurich admits the allegations contained in Paragraph 2.

3.      Zurich American Insurance Company, Zurich American Insurance Company of Illinois and American Zurich Insurance Company and Zurich Services Corporation (together, the "Counter-Defendants") transact the business of insurance in this district.

---

[1] Petersen-Dean purports to assert allegations in the Counterclaim against Zurich Services Corporation ("ZSC"), but those allegations are procedurally improper because ZSC has not properly been added as a party to this matter.  Accordingly, this Answer does not respond to those allegations.

[2] All headings contained in the Counterclaim have been repeated herein for accuracy of reference and the convenience of the Court and the parties.  Zurich and ZSC do not adopt such headings nor agree to their truth or accuracy.

*Locke Lord LLP*
*44 Montgomery Street, Suite 4100*
*San Francisco, CA 94104*

**ANSWER:**   Zurich denies the allegations contained in Paragraph 3 to the extent they imply that Zurich Services Corporation is a party to this matter.  Answering further, Zurich admits the allegations contained in Paragraph 3 that pertain to Zurich.

4.      At all times herein mentioned, Petersen-Dean is informed and believes that Counter-Defendants are, and at all times mentioned herein, were aiding and abetting each other; were the agents, servants, employees and/or representatives of each other, and were acting within the course and scope of such capacity.

**ANSWER:**   Zurich denies the allegations contained in Paragraph 4.  Answering further, Zurich Services Corporation is not a party to this matter, and therefore Zurich Services Corporation is not required to respond to Petersen-Dean's allegations.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over Counterclaimant's claims because it has jurisdiction over Plaintiffs' Complaint.  Subject matter over any related state law claims is appropriate under 28 U.S.C. § 1367 and the doctrines of ancillary and pendent jurisdiction.

**ANSWER:**   Zurich denies the allegations in Paragraph 5 to the extent they concern Zurich Services Corporation, which is not a party to this matter.  Zurich admits the remaining allegations contained in Paragraph 5.

6.      This Court has personal jurisdiction over Plaintiffs because they submitted to the Court's personal jurisdiction when they filed this case.  This Court has personal jurisdiction over Counter-Defendants because they have transacted business in this district.

**ANSWER:**   Zurich denies the allegations in Paragraph 6 to the extent they concern Zurich Services Corporation, which is not a party to this matter.  Zurich admits the remaining allegations contained in Paragraph 6.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here and the Plaintiffs transact business in this district.

**ANSWER:**   Zurich denies the allegations in Paragraph 7 to the extent they concern Zurich Services Corporation, which is not a party to this matter.  Zurich admits the remaining allegations contained in Paragraph 7.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

ZURICH'S ANSWER TO COUNTERCLAIM

8. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332 because it is a controversy between citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

**ANSWER:** Zurich denies the allegations in Paragraph 8 to the extent they concern Zurich Services Corporation, which is not a party to this matter. Zurich admits the remaining allegations contained in Paragraph 8.

## FACTUAL BACKGROUND

9. Counter-Defendant Zurich American Insurance Company and Counter-Defendant American Zurich Insurance Company are Illinois corporations that sell hundreds of millions of dollars in insurance policies in California every year. Zurich American Insurance Company of Illinois is another Illinois corporation that sells insurance. Counter-Defendant Zurich Services Corporation ("ZSC") is an Illinois company that transacts business in this district. It administered Petersen-Dean's workers compensation claims.

**ANSWER:** Zurich denies that Zurich American Insurance Company is an "Illinois corporation" because Zurich American Insurance Company's state of incorporation is New York, although Illinois is its principal place of business. Zurich admits that it is authorized to transact business and has transacted business in California. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations. The remaining allegations contained in Paragraph 9 are vague, and Zurich therefore denies the same.

10. Petersen-Dean bought insurance policies, including workers' compensation insurance policies, from Counter-Defendants for seven policy years: May 1, 2003 through May 1, 2008, and April 30, 2011 through April 30, 2013. The workers' compensation insurance policies are "large deductible" policies (the "Policies"). Petersen-Dean paid Counter-Defendants millions of dollars in premiums, which were accepted by Counter-Defendants as a consideration for the execution, issuance, and delivery of the Policies.

**ANSWER:** Zurich admits that Petersen-Dean purchased insurance policies for the identified years. Answering further, Zurich states that those policies speak for themselves, and Zurich denies the allegations in Paragraph 10 to the extent they conflict with the terms of the

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

policies.  Zurich further denies the allegations in Paragraph 10 to the extent they imply that Petersen-Dean paid Zurich all amounts due under the policies.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

11.     Petersen-Dean bought insurance policies, including workers' compensation insurance policies, from Counter-Defendants for seven policy years: May 1, 2003 through May 1, 2008, and April 30, 2011 through April 30, 2013.  The workers' compensation insurance policies are "large deductible" policies (the "Policies").  Petersen-Dean paid Counter-Defendants millions of dollars in premiums, which were accepted by Counter-Defendants as a consideration for the execution, issuance, and delivery of the Policies.

**ANSWER:**     Paragraph 11 is identical to Paragraph 10.  Zurich admits that Petersen-Dean purchased insurance policies for the identified years.  Answering further, Zurich states that those policies speak for themselves, and Zurich denies the allegations in Paragraph 11 to the extent they conflict with the terms of the policies.  Zurich further denies the allegations in Paragraph 11 to the extent they imply that Petersen-Dean paid Zurich all amounts due under the policies.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

12.     Petersen-Dean has incurred covered losses that arose under the Policies during the policy period.  Furthermore, Petersen-Dean has incurred covered losses that arose during the policy period but that became apparent after that period.

**ANSWER:**     Zurich admits the allegations contained in Paragraph 12.

13.     The Counter-Defendants are obligated to pay such losses.  Counter-Defendants have paid some of such losses, but have wrongfully refused to pay all of such losses as is required by the Policies.  Throughout the Policies' periods (and after those periods, for claims that arose during those periods) Petersen-Dean furnished Counter-Defendants written notice of Petersen-Dean's claims and proof of loss and Petersen-Dean has otherwise performed all the terms and conditions of the Policies on its part to be performed, or Counter-Defendants have consented to Petersen-Dean's claim handling and performance of its obligations by accepting millions of dollars in premiums and by giving Petersen-Dean assurances that they approve Petersen-Dean's acts.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**ANSWER:**   Zurich denies the allegations contained in Paragraph 13.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

14.   There is, under the terms of the Policies, now due and owing to Petersen-Dean from Plaintiffs a sum in excess of $5,000,000.  Petersen-Dean has demanded payment of this sum from Counter-Defendants, but they have failed and refused, and continue to fail and refuse, to pay that sum or any part of it.

**ANSWER:**   Zurich denies the allegations contained in Paragraph 14.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

15.   For every policy year except for policy year 2007, Petersen-Dean had to pay the first $500,000 on every workers' compensation claim made against it.  For the policy year 2007, the deductible was $250,000.

**ANSWER:**   Zurich admits that it issued workers compensation insurance policies to Petersen-Dean for seven policy years spanning from May 1, 2003 to May 1, 2008 and from April 30, 2011 to April 30, 2013, in which Petersen-Dean was required to pay a $500,000 per claim deductible for each of those seven policies.  Zurich denies the remaining allegations contained in Paragraph 15.

16.   As a result Petersen-Dean was obligated to pay the first $250,000 to $500,000 of claims.  How Plaintiffs, or, subsequently, ZSC, administered Petersen-Dean's workers compensation claims determined how much Petersen-Dean would pay out on every workers' compensation claim. There were hundreds of such claims.

**ANSWER:**   Zurich admits that it issued workers compensation insurance policies to Petersen-Dean for seven policy years spanning from May 1, 2003 to May 1, 2008 and from April 30, 2011 to April 30, 2013, in which Petersen-Dean was required to pay a $500,000 per claim deductible for each of those seven policies.  Zurich denies the remaining allegations contained in Paragraph 16. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    17.    All of the Policies are "loss sensitive," meaning that Petersen-Dean might have to

2  continue to make payments to Counter-Defendants after the Policies expired, depending on how

3  losses developed over time.  Under these loss sensitive policies, Counter-Defendants issued periodic

4  "adjustments" to Petersen-Dean's required payment amounts.  The amount of the adjustments is

5  based on the incurred reserves (money paid and estimates for future payments).

6    **ANSWER:**    Zurich admits that it has issued periodic invoices/adjustments to Petersen-

7  Dean that have required payment amounts.  Zurich denies that Petersen-Dean has fully and

8  accurately quoted or described all relevant portions of the policies, the terms of which speak for

9  themselves.  Zurich denies Paragraph 17 to the extent that it is inconsistent with the actual terms of

10  the policies.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required

11  to respond to Petersen-Dean's allegations.

12    18.    The deductible clauses in the Policies specify: "(1) the amount of [the insured's]

13  initial payment to [Zurich] with respect to the Deductible Premium and the expected Incurred Losses

14  with the Deductible Amount(s), as determined by [Zurich], plus related expenses and assessments;

15  and (2) the timing and method of [Zurich's] adjustment of the Incurred Losses, plus related expenses

16  and assessments."

17    **ANSWER:**    Zurich denies that Petersen-Dean has fully and accurately quoted or described

18  all relevant portions of the policies, the terms of which speak for themselves.  Zurich denies

19  Paragraph 18 to the extent that it is inconsistent with the actual terms of the policies.

20    19.    The deductible agreements also require Petersen-Dean to provide Counter-Defendants

21  with collateral ostensibly to protect Zurich from losses for money that it may pay out on behalf of

22  Petersen-Dean in the future— and they establish a Loss Reimbursement Fund, into which Petersen-

23  Dean had to place cash to pay claims.  The amount of the Loss Reimbursement Fund is "calculated

24  adjusted based on [the insured's] loss experience at specified loss valuation dates."

25    **ANSWER:**    Zurich denies that Petersen-Dean has fully and accurately quoted or described

26  all relevant portions of the referenced agreements, the terms of which speak for themselves.  Zurich

27  denies Paragraph 19 to the extent that it is inconsistent with the actual terms of the agreements.

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

20.     For all but policy year 2011, Zurich was responsible for adjusting the workers' compensation claims made against Petersen-Dean.  But, Plaintiffs contracted with its sister company, Counter-Defendant ZSC, to handle that task.  In the course of adjusting Petersen-Dean's workers' compensation claims, Plaintiffs and ZSC, in addition to the premiums they charged to Petersen-Dean, also charged Petersen-Dean for "cost containment" services.  One of the major features of the cost containment services was the performance of "medical bill review" ("MBR").  MBR was a service that was supposed to result in a "savings" to Petersen-Dean, by purportedly reducing the cost that Petersen-Dean paid for medical services provided to injured workers.  But, virtually all that Zurich and ZSC did was simply reduce, via a computer program, the "billed" amount to the amount in a fee schedule.  In California, there are approximately 500 fee schedules for various types of medical services.  The fee schedule is typically "the most" that a provider could charge for that particular service.  Thus, simply reducing a medical fee to "the most" a provider could charge was hardly a "savings."  But Zurich charged, at one time, 20% of the "savings," and, later, 25% of the "savings," with the savings being the difference between what a medical provider charged, and what Zurich paid.  Thus, the more medical providers billed, the more ZSC/Zurich made in MBR fees.  This practice was a breach of the Policies because they do not authorize such an adjustment.  Counter-Defendants with this practice charged Petersen-Dean additional money for simply doing their job, which was to manage claims.

**ANSWER:**     Zurich answers that the first sentence is a legal conclusion for which no answer is required, and therefore denies the same.  Zurich further admits that it contracted with ZSC to handle certain tasks with respect to certain years of Petersen-Dean's insurance program.  Answering further, Zurich admits that it charged Petersen-Dean fees for cost containment services and that there are certain applicable fee schedules in California.  Zurich further admits that it generally charged, at one time, 20% of savings, and later 25% of savings.  Zurich denies the remaining allegations contained in Paragraph 20.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    21.    Plaintiffs directly participated in, and approved of and consented to, the acts that they

2 now complain of.

3        **ANSWER:**    Zurich denies the allegations contained in Paragraph 21.

4    22.    Counter-Defendants wrongfully declared Petersen-Dean to be in default on the

5 Policies and in 2016 overpaid themselves about $700,000 by drawing down $3.2 million of Petersen-

6 Dean's letters of credit.

7        **ANSWER:**    Zurich denies the allegations contained in Paragraph 22.  Answering further,

8 ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

9 allegations.

10    23.    Petersen-Dean and ZSC entered into the Claim Services Contract.  ZSC breached the

11 CSC by mishandling workers' compensation claims and by charging Petersen-Dean for alleged

12 "savings" from MBR.  Plaintiffs breached the Policies by mishandling workers' compensation

13 claims against Petersen-Dean and by charging Petersen-Dean excessive fees for the MBR service.

14 Plaintiffs also engaged in bad faith with their systematic policy of improperly setting the reserves on

15 the workers' compensation claims made against Petersen-Dean and by attempting to extract

16 excessive amounts of collateral from Petersen-Dean.

17    **ANSWER:**    Zurich denies the allegations contained in Paragraph 23.  Answering further,

18 ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

19 allegations.

20        **Counter-Defendants Have Mishandled Claims**

21    24.    Counter-Defendants have engaged in serious and ongoing incorrect claims

22 mishandling.  Counter-Defendants exploited and abused their discretion over claims handling and

23 the setting of reserves so as to increase the amount of cash in the Loss Funds beyond what was

24 conceivably necessary for the payment of claims, for the purpose of giving Zurich cash on hand that

25 it could use for investment purposes.  Counter-Defendants failed to follow industry practices, or their

26 own best practices, on Petersen-Dean's claims.  Instead, they breached their duties.  Their claims

27 professionals were often wrong in terms of what they estimated many workers' compensation claims

28 were going to cost.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   **ANSWER:**   Zurich denies the allegations contained in Paragraph 24.  Answering further,

2   ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

3   allegations.

4         25.   Counter-Defendants breached their obligations by not performing critical

5   investigations, not obtaining statements, not issuing subpoenas, missing at least one court hearing,

6   not informing a doctor of an investigation, not keeping key documents in the files, not taking

7   depositions in a timely manner, or ignoring one or more settlement opportunities.

8   **ANSWER:**   Zurich denies the allegations contained in Paragraph 25.  Answering further,

9   ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

10  allegations.

11        26.   Counter-Defendants approved of Petersen-Dean's handling of claims because they

12  wanted the millions of dollars in premiums.  As a result, Counter-Defendants renewed the Policies

13  and collected substantial funds in the process.  Counter-Defendants were well aware of what they

14  were doing because, by their own assertion, they were "the largest workers compensation

15  construction insurer in North American with over 50,000 customers."

16  **ANSWER:**   Zurich denies the allegations contained in Paragraph 26.  Answering further,

17  ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

18  allegations.

19        27.   As a legal result of Counter-Defendants' breaches, failures and refusals outlined

20  herein Petersen-Dean has been damaged in a sum well in excess of $5,000,000, together with interest

21  thereon at the legal rate from the date payment should have been made under the terms of the

22  Policies until it is paid.

23  **ANSWER:**   Zurich denies the allegations contained in Paragraph 27.  Answering further,

24  ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

25  allegations.

26

27

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**FIRST CLAIM FOR RELIEF**

**(BREACH OF INSURANCE AGREEMENT)**

**AGAINST PLAINTIFFS**

28.     Counterclaimant incorporates by reference each and every allegation set forth above and below.

**ANSWER:**    Zurich incorporates by reference its Answers to Paragraphs 1 through 75. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

29.     Plaintiffs breached their duty to pay Petersen-Dean for a loss covered under the insurance Policies.

**ANSWER:**    Zurich denies the allegations contained in Paragraph 29.

30.     Petersen-Dean suffered losses that were covered by the Policies.

**ANSWER:**    Zurich denies the allegations contained in Paragraph 30.

31.     Plaintiffs were notified of the losses.

**ANSWER:**    Zurich denies the allegations contained in Paragraph 31.

32.     However, despite being obligated to pay over $5,000,000 to cover those losses, Counter-Defendants have failed to pay and refuse to pay.

**ANSWER:**    Zurich denies the allegations contained in Paragraph 32.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

**SECOND CLAIM FOR RELIEF**

**(BAD FAITH**

**AGAINST PLAINTIFFS)**

33.     Counterclaimant incorporates by reference each and every allegation set forth above and below.

**ANSWER:**    Zurich incorporates by reference its Answers to Paragraphs 1 through 75. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

34.     In the Policies there is an implied obligation of good faith and fair dealing that the Plaintiffs will not do anything to injure the right of the other party to receive the benefits of the agreement.

**ANSWER:**     The allegations in Paragraph 34 are legal conclusions for which no answer is required, and Zurich therefore denies the same.

35.     To fulfill its implied obligation of good faith and fair dealing, the Plaintiffs must give at least as much consideration to the interests of Petersen-Dean as they give to their own interests.

**ANSWER:**     The allegations in Paragraph 35 are legal conclusions for which no answer is required, and Zurich therefore denies the same.

36.     Plaintiffs breached the implied obligation of good faith and fair dealing by acting unreasonably, or by failing to act, in a manner that deprived Petersen-Dean of the benefits of the policy.  Plaintiffs have acted unreasonably by acting, or failing to act, without proper cause.

**ANSWER:**     Zurich denies the allegations contained in Paragraph 36.

37.     Plaintiffs breached the obligation of good faith and fair dealing by failing to pay, or delaying payment, of benefits due under the Policies.

**ANSWER:**     Zurich denies the allegations contained in Paragraph 37.

38.     Petersen-Dean suffered losses covered by the Policies which are substantial and which continue to grow.

**ANSWER:**     Zurich denies the allegations contained in Paragraph 38.

39.     Counter-Defendants were notified of the loss not only in emails and other correspondence, but also in the documentation Petersen-Dean filed or sent in the action entitled <u>Zurich American Insurance Company et al. v. Petersen-Dean, Inc.</u> California Northern District Court Case No. 3:17-CV-01273.

**ANSWER:**     Zurich denies the allegations contained in Paragraph 39.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

40.     Counter-Defendants unreasonably failed to pay or delayed payment of Policy benefits for the reasons outlined above.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1      **ANSWER:**     Zurich denies the allegations contained in Paragraph 40.  Answering further,

2  ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

3  allegations.

4      41.     Petersen-Dean was harmed as a result in an amount that is in excess of $5,000,000.

5      **ANSWER:**     Zurich denies the allegations contained in Paragraph 41.

6      42.     Counter-Defendants' failure to pay Policy benefits was a substantial factor in causing

7  Petersen-Dean's harm.

8      **ANSWER:**     Zurich denies the allegations contained in Paragraph 42.  Answering further,

9  ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

10 allegations.

11     43.     Counter-Defendants acted unreasonably and without proper cause, because they

12 misrepresented to Petersen-Dean relevant facts or insurance policy provisions relating to coverage at

13 issue.  Counter Defendants further failed to acknowledge and act reasonably promptly after receiving

14 communications about claims arising under the Policies.

15     **ANSWER:**     Zurich denies the allegations contained in Paragraph 43.  Answering further,

16 ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

17 allegations.

18     44.     Counter-Defendants further failed to adopt and implement reasonable standards for

19 the prompt investigation and processing of claims arising under its Policies.

20     **ANSWER:**     Zurich denies the allegations contained in Paragraph 44.  Answering further,

21 ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

22 allegations.

23     45.     Failed to timely process claims within a reasonable time after Petersen-Dean

24 completed and submitted proof-of-loss requirements.  Counter-Defendants did not attempt in good

25 faith to reach a prompt, fair, and equitable settlement of Petersen-Dean's claims after liability had

26 become reasonably clear.

27

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**ANSWER:**   Zurich denies the allegations contained in Paragraph 45.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

46.   Counter-Defendants failed to promptly provide a reasonable explanation of their reasons for denying the claim or offering a compromise settlement, based on the provisions of the Policies in relation to the facts or applicable law.

**ANSWER:**   Zurich denies the allegations contained in Paragraph 46.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

### THIRD CLAIM FOR RELIEF

### (FAILURE TO INVESTIGATE A CLAIM)

### AGAINST COUNTER-DEFENDANTS

47.   Counterclaimant incorporates by reference each and every allegation set forth above and below.

**ANSWER:**   Zurich incorporates by reference its Answers to Paragraphs 1 through 75. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

48.   Counter-Defendants acted unreasonably by failing to conduct a proper investigation of claims that arose under the Policies.  When investigating Petersen-Dean's claims, Counter-Defendants had a duty to diligently search for and consider evidence that supported coverage of the claimed losses.

**ANSWER:**   Zurich denies the allegations contained in the first sentence of Paragraph 48. The remaining allegations in Paragraph 48 are legal conclusions for which no answer is required, and Zurich therefore denies the same.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

49.   Petersen-Dean suffered losses covered under the Policies in the manner outlined above and in an amount that is over $5,000,000.

**ANSWER:**   Zurich denies the allegations contained in Paragraph 49.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

50. Petersen-Dean properly presented claims to Counter-Defendants to be compensated for the loss.

**ANSWER:** Zurich denies the allegations contained in Paragraph 50. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

51. Counter-Defendants failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of Petersen-Dean's claims.

**ANSWER:** Zurich denies the allegations contained in Paragraph 51. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

52. Petersen-Dean was harmed in an amount that is over $5,000,000.

**ANSWER:** Zurich denies the allegations contained in Paragraph 52.

53. Counter-Defendant's failure to properly investigate the claims was a substantial factor in causing Petersen-Dean's harm.

**ANSWER:** Zurich denies the allegations contained in Paragraph 53. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

### FOURTH CLAIM FOR RELIEF

### (BREACH OF DUTY TO INFORM INSURED OF RIGHTS)

### AGAINST COUNTER-DEFENDANTS

54. Counterclaimant incorporates by reference each and every allegation set forth above and below.

**ANSWER:** Zurich incorporates by reference its Answers to Paragraphs 1 through 75. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

55. Counter-Defendants breached the obligation of good faith and fair dealing by failing to reasonably inform Petersen-Dean of its rights and obligations under the Policies.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   **ANSWER:**   Zurich denies the allegations contained in Paragraph 55.  Answering further,

2 ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

3 allegations.

4   56.   Petersen-Dean suffered losses covered under the Policies

5   **ANSWER:**   Zurich denies the allegations contained in Paragraph 56.

6   57.   Counter-Defendants denied coverage, refused to pay coverage amounts due, or

7 mishandled claims, resulting in a failure to pay for Petersen-Dean's loss;

8   **ANSWER:**   Zurich denies the allegations contained in Paragraph 57.  Answering further,

9 ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

10 allegations.

11   58.   Under the Policies Petersen-Dean had the right to have losses covered and to have

12 claims handled in a timely and professional manner in line with industry standards.

13   **ANSWER:**   The allegations in Paragraph 58 are legal conclusions for which no answer is

14 required, and Zurich therefore denies the same.  Answering further, ZSC is not a party to this matter,

15 and therefore ZSC is not required to respond to Petersen-Dean's allegations.

16   59.   Counter-Defendants did not reasonably inform Petersen-Dean of such rights.

17   **ANSWER:**   Zurich denies the allegations contained in Paragraph 59.  Answering further,

18 ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

19 allegations.

20   60.   As a result Petersen-Dean was harmed; and

21   **ANSWER:**   Zurich denies the allegations contained in Paragraph 60.

22   61.   Counter-Defendants' failure to reasonably inform Petersen-Dean was a substantial

23 factor in causing its harm.

24   **ANSWER:**   Zurich denies the allegations contained in Paragraph 61.  Answering further,

25 ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's

26 allegations.

27

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**FIFTH CLAIM FOR RELIEF**

**(DECLARATORY RELIEF)**

**AGAINST COUNTER-DEFENDANTS**

62.     Counterclaimant incorporates by reference each and every allegation set forth above and below.

**ANSWER:**     Zurich incorporates by reference its Answers to Paragraphs 1 through 75. Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

63.     Petersen-Dean seeks a determination under California Code of Civil Procedure section 1060 that all invoices pending and due under the Policies will be drawn down from the Collateral Fund which is established for this reason and which Counter-Defendants have historically done in the past.

**ANSWER:**     Zurich denies the allegations contained in Paragraph 63.  Answering further, Zurich states that the allegations in the Counterclaim speak for themselves.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

64.     Additional claims and adjustments under the Policies will arise because of the pattern of such claims that have been asserted to this date.

**ANSWER:**     Zurich admits that it expects further claims and invoices/adjustments to be made under the Policies.  Zurich denies any remaining allegations contained in Paragraph 64.

65.     Counter-Defendants have refused, and continue to refuse, to draw down the Collateral Fund in that manner.  As a result, an actual controversy exists as to the parties' rights under the Policies.

**ANSWER:**     Zurich admits that it has not drawn down on the Collateral Fund to satisfy current invoices because the parties agreed in their November 2016 settlement agreement that "The Collateral will not be used to pay future billings, as those billings will be paid by Petersen-Dean in the ordinary course."  Zurich further admits that an actual controversy exists as to the parties' rights and obligations under that settlement agreement.  Zurich denies the remaining allegations contained

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

in Paragraph 65.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

66.     No adequate remedy other than that prayed for exists by which the rights of the parties may be determined.  The parties have discussed this matter at length and, despite those lengthy discussions, Counter-Defendants persist in being unwilling to uphold Petersen-Dean's rights under the Policies on a continuing basis.

**ANSWER:**     Zurich denies the allegations contained in Paragraph 66.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

67.     As a direct and legal result of Counter-Defendants' acts, Petersen-Dean has suffered damages in the amount of over $5,000,000.

**ANSWER:**     Zurich denies the allegations contained in Paragraph 67.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

68.     Wherefore, Petersen-Dean prays judgment against Counter-Defendants for a declaration pursuant to California Code of Civil Procedure Section 1060 that all invoices pending and due under the Policies will be drawn down from the Collateral Fund.

**ANSWER:**     Zurich denies the allegations contained in Paragraph 68 and further denies that Petersen-Dean is entitled to any relief in this lawsuit.  Answering further, ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.

## SIXTH CLAIM FOR RELIEF

### (BREACH OF CONTRACT)

### AGAINST ZSC

69.     Counterclaimant incorporates by reference each and every allegation set forth above and below.

**ANSWER:**     ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.  To the extent an answer is required from Zurich, Zurich incorporates by reference its Answers to Paragraphs 1 through 75.

70.     Petersen-Dean and ZSC entered into the Claim Services Contract.  ZSC breached the CSC by mishandling workers' compensation claims and by charging Petersen-Dean for alleged "savings" from MBR.

**ANSWER:**     ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.  To the extent an answer is required from Zurich, Zurich admits the allegations in the first sentence but denies the allegations contained in the second sentence of Paragraph 70.

71.     Petersen-Dean did all, or substantially all, of the significant things that the CSC required it to do.  Furthermore, Petersen-Dean was excused from having to anything that it did not do because ZSC consented to Petersen-Dean's acts.

**ANSWER:**     ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.  To the extent an answer is required from Zurich, Zurich denies the allegations contained in Paragraph 71.

72.     All conditions required by the CSC took place because Petersen-Dean paid the premium and notified ZSC of losses under the Policies.

**ANSWER:**     ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.  To the extent an answer is required from Zurich, Zurich denies the allegations contained in Paragraph 72.

73.     ZSC failed to perform its claims-handling duties in the manner described above. Furthermore, ZSC breached the CSC by imposing costs on Petersen-Dean that Petersen-Dean did not agree to.

**ANSWER:**     ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.  To the extent an answer is required from Zurich, Zurich denies the allegations contained in Paragraph 73.

74.     As a result, Petersen-Dean was harmed.

**ANSWER:**     ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.  To the extent an answer is required from Zurich, Zurich denies the allegations contained in Paragraph 74.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

75. ZSC's breach of the CSC was a substantial factor in causing Petersen-Dean's harm.

**ANSWER:**    ZSC is not a party to this matter, and therefore ZSC is not required to respond to Petersen-Dean's allegations.  To the extent an answer is required from Zurich, Zurich denies the allegations contained in Paragraph 75.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

1. Petersen-Dean's claims are barred by release as a result of the Settlement Agreement and Limited Release (the "Settlement Agreement") that Petersen-Dean, Zurich and Zurich Services Corporation entered into in November 2016 with respect to Case No. 4:13-cv-05758-DMR in the United States District Court for the Northern District of California (the "Lawsuit").  In the Settlement Agreement, Petersen-Dean released, among other things, "any and all claims, causes of action or defenses, whether known or unknown, with respect to all defenses/counterclaims that Petersen-Dean asserted or could have asserted in the Lawsuit."  As a result of the Settlement Agreement, Petersen-Dean is legally precluded from asserting the claims it now asserts in this matter.

2. Petersen-Dean's claims are barred in whole or in part by the doctrines of collateral estoppel and/or *res judicata*.

3. Petersen-Dean's claims are barred in whole or in part by the doctrine of waiver.

4. Petersen-Dean's claims are barred in whole or in part by the doctrine of estoppel.

5. Petersen-Dean's claims are barred in whole or in part by accord and satisfaction.

6. Petersen-Dean has failed to allege sufficient facts to state a claim against Zurich.

7. Petersen-Dean's claims are barred in whole or in part by the doctrine of unclean hands.

8. Petersen-Dean's claims are barred in whole or in part by the applicable statutes of limitations.

9. Petersen-Dean's claims are barred in whole or in part by the doctrine of laches.

10. Petersen-Dean's claims are barred in whole or in part by the voluntary payment doctrine.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    11.    Petersen-Dean's claims are barred in whole or in part because Petersen-Dean failed to

2 perform material terms under the policies.

3    12.    Petersen-Dean voluntarily and knowingly agreed to the terms of the contracts which it

4 claims have caused it damages.

5                              **JURY DEMAND**

6         Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand that this case

7 be tried before a jury.

8

9 Dated:  May 16, 2017                          LOCKE LORD LLP

10                                             By:    */s/ Ashlee M. Knuckey*
11                                                    Steven T. Whitmer (*pro hac vice*)
                                                    Ashlee M. Knuckey (*pro hac vice*)
12                                                    Lindsey E. Kress
                                             Attorneys for Plaintiffs
13                                             ZURICH AMERICAN INSURANCE
                                             COMPANY, ZURICH AMERICAN
14                                             INSURANCE COMPANY OF ILLINOIS and
                                             AMERICAN ZURICH INSURANCE
15                                             COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28