GEORGE MILIONIS, ESQ. (SBN 213092)
NEHA SAREEN, ESQ. (SBN 286037)
KENNETH TSANG, ESQ. (SBN 219284)
PETERSEN-DEAN, INC.
39300 CIVIC CENTER DRIVE, SUITE 300
FREMONT, CA 94538
TELEPHONE: (510) 371-6574
FACSIMILE: (510) 494-2760

Attorneys for Defendant and Counterclaimant
PETERSEN-DEAN, INC.

# UNITED STATES DISTRICT COURT

## NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, AMERICAN ZURICH INSURANCE COMPANY, AND ZURICH SERVICES CORPORATION,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PETERSEN-DEAN, INC.<br><br>　　　　　Defendant. | Case No.: 3:17-cv-01273-WHO<br><br>**PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant and counterclaimant Petersen-Dean, Inc. ("Petersen-Dean") answers the first amended complaint of Zurich American Insurance Company, Zurich American Insurance Company of Illinois, American Zurich Insurance Company as follows:

### Admissions and Denials

1. Answering the allegations of paragraph 1 of the first amended complaint Petersen-Dean admits that Zurich American Insurance Company is a New York corporation engaged in the insurance business, but as to the remaining allegations of that paragraph,

Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

2.     Answering the allegations of paragraph 2 of the first amended complaint, Petersen-Dean admits that Zurich American Insurance Company of Illinois is an Illinois corporation engaged in the insurance business, but as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

3.     Answering the allegations of paragraph 3 of the first amended complaint, Petersen-Dean admits that American Zurich Insurance Company is an Illinois corporation engaged in the insurance business, but as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

4.     Answering the allegations of paragraph 4 of the first amended complaint, Petersen-Dean admits those allegations.

5.     Answering the allegations of paragraph 5 of the first amended complaint, Petersen-Dean admits those allegations.

6.     Answering the allegations of paragraph 6 of the first amended complaint, Petersen-Dean admits those allegations.

7.     Answering the allegations of paragraph 7 of the first amended complaint, Petersen-Dean admits those allegations.

8.     Answering the allegations of paragraph 8 of the first amended complaint, Petersen-Dean admits those allegations.

///

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

9.    Answering the allegations of paragraph 9 of the first amended complaint, Petersen-Dean admits that Zurich and Petersen-Dean were involved in prior litigation and that it resolved with a mutual settlement agreement in late 2016.  Petersen-Dean denies that it was required to pay additional amounts invoiced to Petersen-Dean.  Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

10.    Answering the allegations of paragraph 10 of the first amended complaint, Petersen-Dean denies that it, in bad faith, has breached any of its obligations contained in the settlement agreement and insurance agreements. As to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

11.    Answering the allegations of paragraph 11 of the first amended complaint, Petersen-Dean admits those allegations.

12.    Answering the allegations of paragraph 12 of the first amended complaint, Petersen-Dean admits that Zurich issued various insurance policies to it, but as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

13.    Answering the allegations of paragraph 13 of the first amended complaint, Petersen-Dean admits that Zurich issued various insurance policies to it, but as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

///

///

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

14.     Answering the allegations of paragraph 14 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

15.     Answering the allegations of paragraph 15 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

16.     Answering the allegations of paragraph 16 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

17.     Answering the allegations of paragraph 17 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

18.     Answering the allegations of paragraph 18 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

19.     Answering the allegations of paragraph 19 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

20.     Answering the allegations of paragraph 20 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

///

///

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

21.     Answering the allegations of paragraph 21 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

22.     Answering the allegations of paragraph 22 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

23.     Answering the allegations of paragraph 23 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

24.     Answering the allegations of paragraph 24 of the first amended complaint, Petersen-Dean denies that it has acted without valid excuse or justification, and, as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

25.     Answering the allegations of paragraph 25 of the first amended complaint, Petersen-Dean denies that it has acted without valid excuse or justification, and, as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

26.     Answering the allegations of paragraph 26 of the first amended complaint, Petersen-Dean admits those allegations.

27.     Answering the allegations of paragraph 27 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

///

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

28.     Answering the allegations of paragraph 28 of the first amended complaint, Petersen-Dean admits that the language quoted is a partial section of paragraph 10 of the PSA. Petersen-Dean lacks sufficient information otherwise, so it denies those allegations on the basis of its lack of information and belief.

29.     Answering the allegations of paragraph 29 of the first amended complaint, Petersen-Dean denies that it has acted without excuse or justification, and as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

30.     Answering the allegations of paragraph 30 of the first amended complaint, Petersen-Dean admits that it made the final payment following the hearing with Judge Ryu, and as so the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

31.     Answering the allegations of paragraph 31 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

32.     Answering the allegations of paragraph 32 of the first amended complaint, Petersen-Dean denies that it has acted without excuse or justification, and as to the remaining allegations, lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

33.     Answering the allegations of paragraph 33 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

///

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

34.     Answering the allegations of paragraph 34 of the first amended complaint, Petersen-Dean admits that the parties conducted a settlement conference in November 2016 with the Honorable Magistrate Judge Corley.

35.     Answering the allegations of paragraph 35 of the first amended complaint, Petersen-Dean admits that the total amount to be paid to Zurich under the settlement agreement would be $1,800,000 assuming no breaches of any of the parties' obligations occurred.

36.     Answering the allegations of paragraph 36 of the first amended complaint, Petersen-Dean admits that paragraph 6(c) states the quoted language. Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

37.     Answering the allegations of paragraph 37 of the first amended complaint, Petersen-Dean admits that paragraph 6(a) states the quoted language. Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

38.     Answering the allegations of paragraph 38 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

39.     Answering the allegations of paragraph 39 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

40.     Answering the allegations of paragraph 40 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

41.     Answering the allegations of paragraph 41 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

42.     Answering the allegations of paragraph 42 of the first amended complaint, Petersen-Dean denies that is has not raised objections to the invoices, and as to the other allegations, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

43.     Answering the allegations of paragraph 43 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

44.     Answering the allegations of paragraph 44 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

45.     Answering the allegations of paragraph 45 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

46.     Answering the allegations of paragraph 46 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

47.     Answering the allegations of paragraph 47 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

48.     Answering the allegations of paragraph 48 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

49.     Answering the allegations of paragraph 49 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

50.     Answering the allegations of paragraph 50 of the first amended complaint, Petersen-Dean denies that it acted without any valid excuse or justification and that it was required to pay invoices directly as Zurich represented during the settlement conference that it would draw down on collateral instead.  Petersen Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

51.     Answering the allegations of paragraph 51 of the first amended complaint, lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

52.     Answering the allegations of paragraph 52 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

53.     Answering the allegations of paragraph 53 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

///

///

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

54.     Answering the allegations of paragraph 54 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

55.     Answering the allegations of paragraph 55 of the first amended complaint, Petersen-Dean denies it was required to pay invoices directly as Zurich represented during the settlement conference that it would draw down on collateral instead. Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

56.     Answering the allegations of paragraph 56 of the first amended complaint, Petersen-Dean denies that it acted without any excuse or justification, and as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

57.     Answering the allegations of paragraph 57 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

58.     Answering the allegations of paragraph 58 of the first amended complaint, Petersen-Dean denies that is has acted without excuse or justification, and, as to the remaining allegations of that paragraph, Petersen-Dean lacks sufficient information or belief to respond, so it denies those allegations on the basis of its lack of information and belief.

59.     Answering the allegations of paragraph 59 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

60.     Answering the allegations of paragraph 60 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

61.     Answering the allegations of paragraph 61 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

62.     Answering the allegations of paragraph 62 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

63.     Answering the allegations of paragraph 63 of the first amended complaint, Petersen-Dean denies that it agreed the amount stated was owed to Zurich.  Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

64.     Answering the allegations of paragraph 64 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

65.     Answering the allegations of paragraph 65 of the first amended complaint, Petersen-Dean denies that it acted without valid excuse or justification, and as to the other allegations in the paragraph, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

66.     Answering the allegations of paragraph 66 of the first amended complaint, Petersen-Dean denies that it acted without any valid excuse or justification, and as to the other

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

allegations in the paragraph, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

67.     Answering the allegations of paragraph 67 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

68.     Answering the allegations of paragraph 68 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

69.     Answering the allegations of paragraph 69 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

70.     Answering the allegations of paragraph 70 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

71.     Answering the allegations of paragraph 71 of the first amended complaint, Petersen-Dean denies that it agreed to pay the amount stated to Zurich, and as for the other allegations in the paragraph, Petersen-Dean denies the remainder of the allegations on the basis of its lack of information and belief.

72.     Answering the allegations of paragraph 72 of the first amended complaint, Petersen-Dean denies that it agreed to pay the amount stated to Zurich, and as for the other allegations in the paragraph, Petersen-Dean denies the remainder of the allegations on the basis of its lack of information and belief.

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

73.     Answering the allegations of paragraph 73 of the first amended complaint, Petersen-Dean admits that it has not paid the amounts claimed to be due since the funds are available in the Collateral Account to be drawn down as agreed upon by Zurich. Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

74.     Answering the allegations of paragraph 74 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

75.     Answering the allegations in paragraph 75 of the first amended complaint, Petersen-Dean denies that it acted without any valid excuse or justification, and as for the other allegations in the paragraph, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

76.     Answering the allegations of paragraph 76 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

77.     Answering the allegations of paragraph 77 of the first amended complaint, Petersen-Dean admits that the parties entered into a settlement agreement.

78.     Answering the allegations of paragraph 78 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

///

///

79.     Answering the allegations of paragraph 79 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

80.     Answering the allegations of paragraph 80 of the first amended complaint, Petersen-Dean admits that Zurich agreed to and should use the Collateral Account to pay the subject invoices.

81.     Answering the allegations of paragraph 81 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

82.     Answering the allegations of paragraph 82 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

83.     Answering the allegations of paragraph 83 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

84.     Answering the allegations of paragraph 84 of the first amended complaint, Petersen-Dean admits that the parties reached a settlement as stated.

85.     Answering the allegations of paragraph 85 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

86.     Answering the allegations of paragraph 86 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

87.     Answering the allegations of paragraph 87 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

88.     Answering the allegations of paragraph 88 of the first amended complaint, Petersen-Dean denies the allegations, as the Collateral Account was to be drawn down upon as agreed to by Zurich.

89.     Answering the allegations of paragraph 89 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

90.     Answering the allegations of paragraph 90 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

91.     Answering the allegations of paragraph 91 of the first amended complaint, Petersen-Dean denies that it acted in bad faith, and as for the other allegations in the paragraph, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

92.     Answering the allegations of paragraph 92 of the first amended complaint, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

93.     Answering the allegations of paragraph 93 of the first amended complaint, Petersen-Dean denies that it acted in bad faith, and as for the other allegations in the paragraph, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

94.     Answering the allegations of paragraph 94 of the first amended complaint, Petersen-Dean denies that it acted in bad faith, and as for the other allegations in the paragraph, Petersen-Dean lacks sufficient information or belief to respond otherwise so denies the remainder of the allegations on the basis of its lack of information and belief.

### First Affirmative Defense

95.     The counts of the amended complaint, and each count therein, fail to state facts sufficient to constitute any of the causes of action asserted against Petersen-Dean.

### Second Affirmative Defense

96.     Petersen-Dean is informed and believes, and based on such information and belief alleges, that plaintiffs expressly ratified, and consented to, any and all acts, if any, taken by Petersen-Dean with respect to the subject matter of the amended complaint.

### Third Affirmative Defense

97.     Petersen-Dean is informed and believes, and based on such information and belief alleges, that, to the extent that plaintiffs were damaged, if at all, their alleged damages were the result of their own actions, omissions, or activities, and that, therefore, any judgment against Petersen-Dean should be reduced in proportion to plaintiffs' degrees of fault.

### Fourth Affirmative Defense

98.     Petersen-Dean is informed and believes, and based on such information and belief alleges, that it was relieved of any duty or obligation that it might otherwise have had to plaintiffs, and each of them, by reason of plaintiffs' negligent performance of their obligations.

///

///

///

**Fifth Affirmative Defense**

99.     Petersen-Dean is informed and believes, and based on such information and belief alleges, that plaintiffs, by their conduct, acts, or omissions, waived any requirement that, or obligation of, Petersen-Dean to perform.

100.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that the counts of the amended complaint, and each count therein, are barred under the doctrines of equitable estoppel and promissory estoppel by reason of plaintiffs' acts, omissions, representations, or course of conduct upon which Petersen-Dean was led to rely, to its detriment.

**Sixth Affirmative Defense**

101.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that plaintiffs, by their own conduct, acts, or omissions, are estopped from seeking any of the relief sought in the complaint.

**Seventh Affirmative Defense**

102.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that its conduct was completely justified and lawful.

**Eighth Affirmative Defense**

103.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that each and every act, omission, or other conduct alleged, in the amended complaint, to have been made by Petersen-Dean, was a good faith assertion of, and was made in the belief of the existence of, Petersen-Dean's legal rights and obligations.

**Ninth Affirmative Defense**

104.    Petersen-Dean denies that plaintiffs, or any of them, have suffered any damages.

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

### Tenth Affirmative Defense

105.    The damages, if any, alleged in the amended complaint, and in each count thereof, are speculative and unfounded.

### Eleventh Affirmative Defense

106.    Petersen-Dean is entitled to an offset of the amount of damages, if any, awarded to plaintiffs, by reason of the damages that Petersen-Dean suffered as a result of the actions and conduct of plaintiffs.

### Twelfth Affirmative Defense

107.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that the amended complaint, and each count therein, is barred by the relevant statutes of limitations codified in California Code of Civil Procedure sections 335 through 365, inclusive of all subsections.

### Thirteenth Affirmative Defense

108.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that the amended complaint, and each count therein, is barred by the doctrine of laches.

### Fourteenth Affirmative Defense

109.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that plaintiffs are guilty of unclean hands regarding the incidents alleged in the amended complaint, and that, therefore, plaintiffs are barred from any of the relief sought therein.

### Fifteenth Affirmative Defense

110.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that plaintiffs failed to provide Petersen-Dean with reasonable notice, and that they ignored Petersen-Dean's request for specific information.

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

**Sixteenth Affirmative Defense**

111.    Any performance allegedly owed, by Petersen-Dean, to plaintiffs, has been excused, by and through plaintiffs' failure and refusal to perform their obligations and duties under the "contracts" upon which the amended complaint is purportedly based. Eighteenth Affirmative Defense.

**Seventeenth Affirmative Defense**

112.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that its breaches, if any, of the purported "contracts" were not sufficiently material to support any recovery by plaintiffs, or any of them.

**Eighteenth Affirmative Defense**

113.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that it has fully performed each and every condition, covenant, and term required of it, if any, under the purported agreements with plaintiffs.

**Nineteenth Affirmative Defense**

114.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that it has a valid claim for money that is due, owing, and payable to Petersen-Dean by plaintiffs, and each of them.

**Twentieth Affirmative Defense**

115.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that plaintiffs, and each of them, seek money from Petersen-Dean based on fraudulent conduct. Plaintiffs induced Petersen-Dean into entering into the insurance policies with plaintiffs based on fraudulent claims that plaintiffs would save Petersen-Dean money by reviewing the medical bills of Petersen-Dean's employees, and that plaintiffs would perform significant work

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

to reduce those bills. At the time they made those claims, plaintiffs knew, of should have known, that their statements that they were "saving" Petersen-Dean money were intentionally and maliciously fraudulent. Plaintiffs charged Petersen-Dean a fee for doing nothing more than informing medical providers that the payment owed, and being sent to them, was the only amount permitted by statute. In other cases, plaintiffs informed medical providers that the payment owed, and being sent to them, was the amount they had agreed to accept as part of the managed care network. Plaintiffs made their fraudulent statements with the intent to induce Petersen-Dean to enter into the insurance contracts with plaintiffs. As a result, plaintiffs are not entitled to recover any monies obtained by their fraudulent conduct.

### Twenty-First Affirmative Defense

116.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that plaintiffs, and each of them, acquiesced in every alleged act by Petersen-Dean.

### Twenty-Second Affirmative Defense

117.    Petersen-Dean is informed and believes, and based on such information and belief alleges, that some or all of the agreements alleged by plaintiffs in the amended complaint constitute insurance policies, endorsements, or forms that are not enforceable unless filed with, and then approved by, the Workers' Compensation Insurance Rating Bureau and the California Department of Insurance (see Cal. Ins. Code §§ 11658, 11750.3, 11753; Cal. Code Regs. tit. 10, §§ 2218, 2268), but which were, in fact, neither filed with, nor approved by, either the Workers' Compensation Insurance Rating Bureau and the California, and, thus, are unenforceable.

### Twenty-Third Affirmative Defense

118.    Insofar as the amended complaint arises out of Petersen-Dean's alleged defaults under certain so-called Program Agreements, it is based on an illegal act. Specifically, plaintiffs

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

knew, because of a prior settlement agreement they reached with the California Department of Insurance, that their so-called Program Agreements were illegal and unenforceable, for the reasons set forth in the Twenty-Third Affirmative Defense. Despite that knowledge, plaintiffs now seek to recover alleged damages for breaches of those illegal and unenforceable agreements.

### Twenty-Fourth Affirmative Defense

119.    Petersen-Dean expressly reserves the right to supplement and assert any additional affirmative defenses not stated herein, if any later discovered facts or information make it appropriate to do so.

WHEREFORE, Petersen-Dean prays for judgment as follows:

1.    Plaintiffs take nothing on their first amended complaint;

2.    That the first amended complaint be dismissed with prejudice;

3.    Plaintiffs be ordered to draw down on the Collateral Account for any claims invoices due by Petersen-Dean;

4.    Petersen-Dean to be awarded its costs of suit incurred herein; and

5.    Petersen-Dean be awarded such other and further relief as the Court may deem just and proper.

///

///

///

///

///

///

///

PETERSEN-DEAN, INC.'S ANSWER TO FIRST AMENDED COMPLAINT – 3:17-CV-01273-WHO

**Jury Demand**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Petersen-Dean demands that this case be tried by a jury.


Dated: May 31, 2017                          PETERSEN-DEAN, INC.


By: _____/S/_____

George Milionis, Esq.
Neha Sareen, Esq.
Kenneth Tsang, Esq.
Attorneys for Defendant and
Counter-Claimant PETERSEN-
DEAN, INC.

## PROOF OF SERVICE

*Zurich, et al. v. Petersen-Dean, Inc. et al.*
*Northern District of California Case No. 3:17-cv-01273-WHO*

I, Ann Hernandez, declare: I am a citizen of the United States, over the age of eighteen years, and am not a party to the within action. My business address is 39300 Civic Center Drive, Suite 300, Fremont, California 94538. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as:

## PETERSEN DEAN, INC.'S ANSWER TO THE FIRST AMENDED COMLAINT

on said date at my place of business, a true copy thereof, was placed in a sealed envelope in the ordinary course of business, addressed to the parties as follows:

☐ **(BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the U.S. mail at Fremont, California.

☐ **(BY FASCIMILE)** I caused such documents to be delivered by facsimile transmission this date to the offices of the addressee(s), to the fax number noted herein.

☒ **(BY ELECTRONIC SERVICE)** I provided the document listed above electronically to PACER website to be **distributed to the service list maintained by Pacer**. The file transmission was reported as complete with a successful and confirmed file upload. The confirmation will be maintained with the original document in our office.

☐ **(BY E-MAIL)** I caused such documents to be delivered by electronic transmission.

☐ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

See Attached Service List

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 31, 2017 at Fremont, California.

_____
Ann Hernandez