1  Lindsey E. Kress (SBN 278213)
   LOCKE LORD LLP
2  44 Montgomery Street, Suite 4100
   San Francisco, California 94104-4815
3  Phone: (415) 318-8806
   Fax: (415) 676-5816
4  Email: lkress@lockelord.com

5  Steven T. Whitmer (*pro hac vice*)
   Ashlee M. Knuckey (*pro hac vice*)
6  LOCKE LORD LLP
   111 South Wacker Drive
7  Chicago, Illinois 60606
   Phone: (312) 443-1869
8  Fax: (312) 896-6569
   Email: swhitmer@lockelord.com
9  Email: aknuckey@lockelord.com

10 Counsel for Plaintiffs/Counter-Defendants
   ZURICH AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE
11 COMPANY OF ILLINOIS and AMERICAN ZURICH INSURANCE COMPANY

12 George K. Milionis, Esq. (SBN: 213092)
   Neha Sareen, Esq. (SBN: 286037)
13 PETERSEN-DEAN, INC.
   39300 Civic Center Drive, Suite 300
14 Fremont, CA 94538
   Telephone: (510) 371-6500
15 Fax: (510) 739-1541
   Email: gmilionis@petersendean.com
16 Email: nsareen@petersendean.com

17
   Counsel for Defendant/Counter-Claimant
18 PETERSEN-DEAN, INC.

19               IN THE UNITED STATES DISTRICT COURT

20            FOR THE NORTHERN DISTRICT OF CALIFORNIA

21 ZURICH AMERICAN INSURANCE COMPANY,     )   Case No. 3:17-cv-01273-WHO
   ZURICH AMERICAN INSURANCE COMPANY      )
22 OF ILLINOIS and AMERICAN ZURICH        )   **JOINT CASE MANAGEMENT**
   INSURANCE COMPANY,                     )   **STATEMENT**
23                                        )
                                          )
24              Plaintiffs,               )
                                          )
25              vs.                       )
                                          )
26 PETERSEN-DEAN, INC.,                   )
                                          )
27              Defendant.                )
                                          )
28 AND RELATED COUNTERCLAIMS.             )
                                          )
                                          )

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Plaintiffs/Counter-Defendants Zurich American Insurance Company, Zurich American Insurance Company of Illinois and American Zurich Insurance Company (collectively, "Zurich") and Defendant/Counter-Claimant Petersen-Dean, Inc. ("Petersen-Dean") jointly submit this Joint Case Management Statement pursuant to the Court's April 20, 2017 Order, the Standing Order for All Judges of the Northern District of California effective January 17, 2017 and Civil Local Rule 16-9.  Lead counsel for the parties have conferred as required by Local Rule 16-3.

1.    **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332 because Plaintiffs/Counter-Defendants Zurich and Defendant/Counter-Claimant Petersen-Dean are citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Petersen-Dean resides in Alameda County, California, which is in this District.

Petersen-Dean has been served with and has answered the First Amended Complaint.  Zurich and ZSC have been served with Counterclaim.  Zurich has answered the Counterclaim and ZSC has filed a motion to dismiss the Counterclaim. Petersen-Dean has filed a Motion for Leave to File Third-Party Complaint in order to bring its complaint against ZSC.

2.    **FACTS**

A.    **Joint Statement**

The following is only intended as a summary, it is not intended to expand or limit the allegations set forth in the parties' respective pleadings.

This action relates to the workers compensation, general liability and/or completed operations liability insurance provided by Zurich to Petersen-Dean for seven policy years spanning from (a) May 1, 2003 through May 1, 2008, and (b) April 30, 2011 through April 30, 2013.

For each of these seven policy years, Zurich issued insurance policies to Petersen-Dean.  In addition, Zurich and Petersen-Dean entered into related program agreements setting forth collateral and other terms agreed to by the Parties.  All years of the insurance program are loss sensitive meaning that Petersen-Dean agreed to assume responsibility for a portion of its insurance risk.  In a loss sensitive program, the amounts due for the insurance continue after the policy expiration date

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  based on how the losses develop over time.  Here, the loss sensitive component was structured in

2  two ways:  (a) large deductible programs, and (b) retrospectively-rated programs.

3      Under the large deductible programs, the parties agreed that Petersen-Dean would share in

4  the insurance risk by assuming a large deductible obligation.  Generally, the parties agreed that

5  Zurich would pay the claims asserted against Petersen-Dean, and then Petersen-Dean would

6  reimburse Zurich for the first $500,000 of loss incurred for any of the claims.

7      For the retrospectively-rated programs, the parties agreed that Petersen-Dean would share in

8  the insurance risk by paying retrospective premium to Zurich.  The retrospective premium is

9  calculated pursuant to a formula agreed to by the parties that takes into account the initial premium

10  paid, the subsequent losses, taxes and other factors.  The retrospective premium is generally subject

11  to limits agreed to by the parties.  For example, similar to the large deductible programs, Petersen-

12  Dean agreed to pay retrospective premium subject to a $75,000, $475,000 or $725,000 per claim loss

13  limit, depending on the policy year and line of coverage.

14      Regardless of whether the insurance program was subject to a large deductible or

15  retrospective-rating formula, Petersen-Dean paid an initial premium to Zurich in installments during

16  the course of the policy years.  Zurich would then issue periodic adjustments based on the claims

17  actually paid and/or incurred under the insurance program.  Depending on how losses had developed

18  during the relevant period, either (a) Petersen-Dean would be required to pay Zurich additional

19  amounts, or (b) Zurich would be required to return any excess amounts to Petersen-Dean.

20      In addition, the parties agreed that, after the policy year expired, Zurich would calculate the

21  final premium based on the actual exposure.  If the actual exposure was less than the estimated

22  exposure, Zurich would return premium to Petersen-Dean.  If the actual exposure was greater than

23  the estimated exposure, Petersen-Dean would pay additional premium to Zurich.

24      **B.**   **Zurich's Statement**

25      **1.**   **Claims Against Petersen-Dean**

26      This is a collection action in which Zurich seeks to recover amounts owed by Petersen-Dean

27  in relation to its breach of the parties' November 2016 settlement agreement (the "Settlement

28  Agreement") and workers compensation insurance agreements.  Zurich previously filed suit in this

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

3

1   Court against Petersen-Dean to enforce the terms of the parties' insurance agreements.  That prior

2   action resulted in the Settlement Agreement that was supervised by this Court and required Petersen-

3   Dean to, among other things, (1) pay $1.8 million to Zurich over twenty-two unequal installments to

4   satisfy the amounts at issue in the prior lawsuit, and (2) pay additional amounts to Zurich as they

5   were invoiced by Zurich pursuant to the parties' insurance agreements.

6         Following the settlement, however, Petersen-Dean immediately breached the Settlement

7   Agreement and insurance agreements by refusing to pay any of the additional amounts that Zurich

8   properly invoiced to Petersen-Dean.  Accordingly, Zurich was forced to file this lawsuit.

9         Zurich alleges that, to date, Petersen-Dean is liable to Zurich for **$366,320.08** in outstanding

10  principal amounts owed under the invoices and Settlement Agreement.  In addition, Zurich seeks a

11  declaratory judgment that the Settlement Agreement does not require Zurich to use certain collateral

12  it is holding to pay these outstanding amounts.  Zurich also seeks a declaratory judgment that

13  Petersen-Dean's refusal to pay the invoices is contrary to the express terms of the Settlement

14  Agreement and the Insurance Program and is "in bad faith, vexatiously, wantonly, or for oppressive

15  reasons."

16              **2.    Zurich's Response to Petersen-Dean's Counter-Claim**

17        Zurich generally denies any wrongdoing and dispute that damages should be awarded for any

18  of the claims set forth in the Counter-Claim.

19        **C.    Petersen-Dean's Statement**

20        Petersen-Dean bought insurance policies, including workers' compensation insurance

21  policies, from Zurich for seven policy years: May 1, 2003 through May 1, 2008, and April 30, 2011

22  through April 30, 2013. The workers' compensation insurance policies are "large deductible"

23  policies (the "Policies").  Petersen-Dean paid Zurich millions of dollars in premiums, which were

24  accepted by Zurich as a consideration for the execution, issuance, and delivery of the Policies.

25  Over time, Petersen-Dean has incurred covered losses that arose under the Policies during the policy

26  period.  Furthermore, Petersen-Dean has incurred covered losses that arose during the policy period

27  but that became apparent after that period. Zurich is obligated to pay such losses, and have paid

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  some of such losses, but has wrongfully refused to pay all of such losses as is required by the

2  Policies.

3  There is, under the terms of the Policies, now due and owing to Petersen-Dean a sum in

4  excess of $5,000,000. Petersen-Dean has demanded payment of this sum from Zurich, who has

5  failed and refused to pay that sum or any part of it. Petersen-Dean alleges that a significant amount

6  of its damages stem from how Zurich, or, subsequently, ZSC, administered Petersen-Dean's

7  hundreds of workers compensation claims. Zurich and ZSC, in addition to the premiums they

8  charged to Petersen-Dean, also charged Petersen-Dean for "cost containment" services, such as the

9  performance of the "medical bill review" (MBR), which in turn resulted in a breach of the Policies

10  as Zurich and ZSC billed Petersen Dean for additional fees and costs.

11  Overall, Petersen-Dean alleges that Zurich and ZSC directly participated in, and approved of

12  and consented to, the acts that they now complain of. Zurich and ZSC wrongfully declared Petersen-

13  Dean to be in default on the Policies and in 2016 overpaid themselves about $700,000 by drawing

14  down $3.2 million of Petersen-Dean's letters of credit. Further ZSC breached the Claims Services

15  Contract by mishandling workers' compensation claims and by charging Petersen-Dean for alleged

16  "savings" from MBR. Petersen-Dean therefore alleges that Zurich and ZSC engaged in bad faith

17  with their systematic policy of improperly setting the reserves on the workers' compensation claims

18  made against Petersen-Dean and by attempting to extract excessive amounts of collateral from

19  Petersen-Dean.

20  **3.** **LEGAL ISSUES**

21  The following is only intended as a summary, it is not intended to expand or limit the

22  allegations set forth in the parties' respective Second Amended Complaint/Second Amended

23  Counter-Claim.

24  A.   **Zurich's Statement**

25  1.   **Zurich's Claims Against Petersen-Dean**

26  Zurich alleges that Petersen-Dean has breached the parties' insurance agreements and

27  Settlement Agreement by failing to pay certain invoices. In addition, Zurich seeks the declaratory

28  judgments discussed above.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**2.   Zurich's Response to Petersen-Dean's Second Amended Counter-Claim**

Through its Counter-claim, Petersen-Dean asserts claims against both Zurich and ZSC relating to the insurance program and claims handling.  Zurich generally denies any wrongdoing and disputes that damages should be awarded for any of the claims set forth in the Counter-claim.  In addition, Zurich states that Petersen-Dean released nearly all of the claims asserted in Petersen-Dean's Counter-claim with respect to allegations that took place up through the November 2016 Settlement Agreement.

ZSC has filed a motion to dismiss the Counterclaim, which remains pending.

**B.   Petersen-Dean's Statement**

Petersen Dean alleges that Zurich has breached the Insurance Agreement by not adhering to their duty to pay Petersen-Dean for losses covered under the Policies, acted unreasonably by failing to conduct a proper investigation as to the claims that arose under the Policies, breached the duty to inform its insured of its rights, and in turn breached its duty to act in good faith and deal fairly. Similarly, in mishandling the workers' compensation claims and causing Petersen Dean to accumulate significant damages, Petersen Dean alleges that ZSC breached the Claim Services Contract. Petersen-Dean also seeks declaratory relief as it has suffered damages amounting to over $5,000,000. These claims were not released in the Settlement Agreement as that agreement is null and void.

Petersen-Dean has filed a Motion for Leave to Serve ZSC with a Third-Party Summons and Complaint.

**4.   MOTIONS**

ZSC has filed a motion to dismiss, which remains pending.  Zurich anticipates moving for summary judgment on all claims in the coming weeks.

Petersen-Dean has filed a motion to bring a third party complaint against Zurich Services Corporation, which remains pending.

///

///

///

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**5.   AMENDMENT OF PLEADINGS**

**A.   Zurich's Statement**

The amounts currently at issue have changed since the First Amended Complaint as a result of additional invoices being issued.  Zurich intends to file a Second Amended Complaint to address the amounts currently at issue in accordance with any schedule set by this Court.

**B.   Petersen-Dean's Statement**

Petersen-Dean has accordingly filed its Answer to Zurich's First Amended Complaint and should Zurich file a Second Amended Complaint, Petersen-Dean will respond so accordingly.

**C.   Joint Statement**

The parties propose that the deadline for amending the pleadings be set for 20 days prior to the close of fact discovery.

**6.   EVIDENCE PRESERVATION**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and agreed to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.  Ashlee M. Knuckey of Locke Lord LLP will serve as Zurich's e-discovery liaison, and Neha Sareen, Corporate Counsel of Petersen-Dean will serve as Petersen-Dean's e-discovery liaison.

**7.   DISCLOSURES**

The parties have agreed to exchanged Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by July 13, 2017.  Generally, the categories of potential witnesses are as follows: individuals at Zurich, individuals at Petersen-Dean, brokers involved in the procurement of the policy, adjusters involved in the handling of the underlying workers compensation claims and the parties' experts.

///

///

///

///

8.   **DISCOVERY**

    A.   **Joint Statement**

       The parties previously exchanged hundreds of thousands of pages of documents with respect to the prior lawsuit, which they have agreed may be used in this litigation.  To date, no depositions have been taken in this action.

       Below is the parties' proposed schedule:

| Description | Date or Days from Trial |
| --- | --- |
| Trial Date | On or after June 1, 2018 |
| Pretrial Conference Date | 21 days before Trial |
| Dispositive Motions To Be Heard By* | 120 days before Trial |
| Non-Expert Discovery Cutoff | 180 days before Trial |
| **Disclosure Of Experts** | |
|     Affirmative | 180 days before Trial |
|     Rebuttal | 150 days before Trial |
| Expert Discovery Cutoff | 120 days before Trial |
| Last Day To Amend Pleadings | 200 days before Trial |

    B.   **Zurich's Statement**

       *As stated above, Zurich anticipates moving for summary judgment on all claims in the coming weeks.  Accordingly, Zurich would intend to set that motion to be heard under the notice requirements stated under the Local Rules and/or in accordance with any date provided by this Court at the upcoming Case Management Conference.

    C.   **Petersen-Dean's Statement**

       Petersen-Dean will oppose any dispositive motion.

9.   **CLASS ACTION**

       This is not a class action.

Locke Lord LLP<br>44 Montgomery Street, Suite 4100<br>San Francisco, CA 94104

1   **10.   RELATED CASES**

2        There are no related cases.

3   **11.   RELIEF**

4        The following is only intended as a summary of the damages sought, it is not intended to

5   expand or limit the allegations set forth in the parties' respective pleadings.

6        **A.   Zurich's Statement**

7        Zurich alleges that, to date, Petersen-Dean is liable to Zurich for $366,320.08 in outstanding

8   principal amounts owed under the Invoices and terms of the Settlement Agreement. In addition,

9   Zurich seeks a declaratory judgment that the Settlement Agreement does not require Zurich to use

10  certain collateral it is holding to pay these outstanding amounts. Zurich also seeks a declaratory

11  judgment that Petersen-Dean's refusal to pay the Invoices is contrary to the express terms of the

12  Settlement Agreement and the Insurance Program and is "in bad faith, vexatiously, wantonly, or for

13  oppressive reasons." In addition, Zurich seeks interest on all outstanding amounts at the statutory

14  rate of ten percent.

15       **B.   Petersen-Dean's Statement**

16       Due to the damages Petersen-Dean has suffered, it requests relief as follows: (1) an award for

17  actual damages in an amount excess of $5,000,000 (2) an award for exemplary damages sufficient to

18  punish and deter Zurich and ZSC's conduct (3) attorneys' fees and costs (4) an award for

19  prejudgment and post-interest and (5) a declaration pursuant to California Code of Civil Procedure

20  1060 that all invoices pending and due under the Policies will be drawn down from the Collateral

21  Fund established between the parties.

22  **12.   SETTLEMENT AND ADR**

23       On June 15, 2017, counsel for the parties had a conference call with the Court's ADR Clerk.

24  During that call, counsel for both parties consented to having a settlement conference before

25  Magistrate Judge Jacqueline Scott Corley. The parties understand that the ADR Clerk will be

26  recommending that the case be referred to Magistrate Judge Jacqueline Scott Corley for mediation.

27  ///

28  ///

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**13.    CONSENT TO A MAGISTRATE JUDGE**

The parties have not consented to proceeding before a magistrate judge for this case.

**14.    OTHER REFERENCES**

The parties do not believe this case is suitable for referral to other processes at this time.

**15.    NARROWING OF ISSUES**

**A.    Zurich's Statement**

Zurich believes that the issues in this case can be resolved, in whole or in significant part, through its forthcoming motion for summary judgment.

**B.    Petersen-Dean's Statement**

Petersen-Dean believes the ADR process should take place before any dispositive motion hearing.

**16.    EXPEDITED TRIAL PROCEDURE**

There appear to be no grounds upon which to handle this case on an expedited basis.

**17.    SCHEDULING**

*See* section 8, *supra.*

**18.    TRIAL**

Zurich and Petersen-Dean have all requested a jury trial.  The parties anticipate the trial will take 7 days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**A.    Zurich's Statement**

Zurich filed its certification of interested entities or persons on March 10, 2017.  Zurich hereby re-certifies its certifications as follows:

1.    Plaintiff Zurich American Insurance Company is a New York corporation engaged in the insurance business with a statutory home office in New York, New York and a principal place of business located in Schaumburg, Illinois.  Zurich American Insurance Company is a wholly owned subsidiary of Zurich Holding Company of America, Inc., a Delaware corporation.  Zurich Holding Company of America, Inc. is 99.180% owned directly by Zurich Insurance Company Ltd, a Swiss corporation, with the remaining shares indirectly owned by Zurich Insurance Company Ltd.  Zurich

1  Insurance Company Ltd is directly owned by Zurich Insurance Group Ltd, a Swiss corporation.

2  Zurich Insurance Group Ltd is the only publicly traded parent company, with a listing on the Swiss

3  stock exchange, and a further trading of American Depositary Receipts.

4     2. Plaintiff American Zurich Insurance Company is an Illinois corporation engaged in

5  the insurance business with a statutory home office and principal place of business located in

6  Schaumburg, Illinois. American Zurich Insurance Company is a wholly owned subsidiary of

7  Steadfast Insurance Company. Steadfast Insurance Company is a wholly owned subsidiary of

8  Plaintiff Zurich American Insurance Company.

9     3. Plaintiff Zurich American Insurance Company of Illinois is a wholly owned

10  subsidiary of Plaintiff American Zurich Insurance Company, an Illinois corporation.

11     Pursuant to Civil L.R. 3-16, the undersigned re-certifies that as of this date, other than the

12  named parties, there is no such interest to report.

13     **B.**  <u>**Petersen-Dean's Statement**</u>

14     Petersen-Dean, Inc. is the parent corporation with the following subsidiaries: (1) Petersen-

15  Dean Texas, Inc. (2) PD Solar, Inc. (3) Petersendean Builder Group (4) Sonoma Roofing Services,

16  Inc. (5) Red Rose, Inc. dba Petersendean Roofing and Sheet Metal (6) Petersen-Dean Roofing and

17  Solar Systems, Inc. (7) Petersen-Dean Commercial, Inc. (8) Tri-Valley Supply, Inc. and (9)

18  California Equipment Leasing Association. Petersen-Dean certifies that as of this date, other than the

19  named parties, there is no interested entity.

20  **20.**  <u>**PROFESSIONAL CONDUCT**</u>

21     All attorneys of record have reviewed the Guidelines for Professional Conduct for the

22  Northern District of California.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

11

**21.  OTHER MATTERS**

The parties have no other matters to report at this time.

Dated:  June 20, 2017                              LOCKE LORD LLP

                                                   By:   /s/
                                                   Steven T. Whitmer (admitted *pro hac vice*)
                                                      Ashlee M. Knuckey (admitted *pro hac vice*)
                                                      Lindsey E. Kress
                                                   Attorneys for Plaintiffs/Counter-Defendants
                                                   ZURICH AMERICAN INSURANCE COMPANY,
                                                   ZURICH AMERICAN INSURANCE COMPANY
                                                   OF ILLINOIS, AMERICAN ZURICH
                                                   INSURANCE COMPANY, and ZURICH
                                                   SERVICES CORPORATION

Dated:  June 20, 2017                              PETERSEN-DEAN

                                                   By:   /s/
                                                      George K. Milionis
                                                      Neha Sareen
                                                   Attorney for Defendant/Counter-Claimant
                                                   PETERSEN-DEAN, INC.

**CERTIFICATION**

Pursuant to General Order No. 45, § X.B., the filing attorney attests that she has obtained

concurrence regarding the filing of this document from the indicated signatories to the document.

Dated:  June 20, 2017                              By: /s/
                                                      Ashlee M. Knuckey

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104